UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

IN RE

JASON L. WOEHLER,
               Debtor.

RUSSELL BRANDT,
               Plaintiff
v.

JASON L. WOEHLER,
               Defendant.

Bankruptcy No. 18-12299-CMA

Adversary No.

**COMPLAINT FOR DETERMINATION OF DISCHARGEABILITY**

COMES NOW the Plaintiff, RUSSELL BRANDT, by and through counsel, and files this Complaint for Determination of Dischargeability of debt:

### I.    STATEMENT OF THE CASE

1.1    This is an action by RUSSELL BRANDT ("Brandt") to determine that the debt owed to Brandt can not be discharged by Debtor, JASON L. WOEHLER ("Debtor") in Debtor's Bankruptcy.

1.2    This Court has jurisdiction pursuant to 28 U.S.C. §157 and 28 U.S.C. §1334.

1.3    This is a Core Proceeding pursuant to 28 U.S.C. §157(b)(2).

1.4    Debtor's debt to Brandt is non-dischargeable because it was the direct consequence of Debtor's conduct toward Brandt in the Washington State Courts.

1.5    Debtor, a sophisticated collections attorney with 20 years' experience, repeatedly garnished Brandt, despite knowledge that Brandt had paid the debt.

COMPLAINT FOR DETERMINATION OF
DISCHARGEABILITY
(18-12299-CMA) - 1

**Leonard Law**
1001 4TH AVE, SUITE 3200
Seattle, WA 98154
Ph (206) 486-1176 F (206) 458-6028

Case 18-01169-CMA    Doc 1    Filed 12/21/18    Ent. 12/21/18 08:28:58    Pg. 1 of 19

1.6 Brandt Requests the Court find that Debtor acted willfully and maliciously, and that therefore the debt is non-dischargeable.

1.7 Debtor's conduct in this Court since filing has been equally disturbing.

1.8 Debtor's actions in this bankruptcy evidence an unusual history of deceit, gamesmanship and extraordinary disregard for Bankruptcy process.

1.9 Debtor, unlike most other bankruptcy filers, is a well-paid collections attorney with ample income and assets to satisfy all his creditors.

1.10 Debtor, however, has used his knowledge and power as a licensed attorney to manipulate the Washington State Court system inappropriately for personal gain, and he has continued this pattern in this Court by failing to follow Court orders and failing to fully disclose his assets.

1.11 As a result, the creditors' best interests are furthered only by strict Court oversight and a finding that Debtor is ineligible for a discharge.

1.12 Brandt Requests the Court find that Debtor filed bankruptcy in bad faith and has abused Bankruptcy process, and order that Debtor is not eligible for discharge under Chapter 7 of the Code.

## II. PARTIES

2.1 Plaintiff Brandt is an individual residing in the State of Washington.

2.2 Brandt obtained a judgment against Debtor in the Western District of Washington, Case No. 2:17-cv-703-RSM ("2:17-cv-703-RSM") (s*ee* ECF No. 19-1).

2.3 Debtor is an individual residing in the State of Washington who filed for bankruptcy relief on June 8, 2018. (ECF No. 1).

///
///

COMPLAINT FOR DETERMINATION OF DISCHARGEABILITY
(18-12299-CMA) - 2

Leonard Law
1001 4TH AVE, SUITE 3200
Seattle, WA 98154
Ph (206) 486-1176 F (206) 458-6028

Case 18-01169-CMA    Doc 1    Filed 12/21/18    Ent. 12/21/18 08:28:58    Pg. 2 of 19

## III. FACTS

3.1  Debtor filed his bankruptcy on the eve of trial in reaction to claims against Debtor for debt collection abuse.

3.2  Creditor Russell Brandt's claim filed in this matter relates to his collection abuse claims under the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. 1692 et seq. and Washington's Consumer Protection Act (WCPA), RCW 19.86 et seq. brought in the Western District of Washington, Case No. 2:17-cv-703-RSM (hereinafter "2:17-cv-703-RSM") (see ECF No. 19-1).

3.3  The following is a history of how Brandt's claim against Debtor arose.

3.4  In 2005, the debt buyer Columbia Credit Services ("CCS"), Sacor Financial, Inc. ("Sacor")'s predecessor, obtained a judgment against Brandt in King County (WA) Superior Court ("the Collection Action").

3.5  In October of 2006, Brandt contacted a CCS collection agent, Justin Lane, and negotiated a final settlement.

3.6  Mr. Lane faxed the settlement agreement to Brandt, and he paid the settlement amount of $5,425.20 as instructed by Mr. Lane.

3.7  No satisfaction of judgment, however, was filed in the Collection Action.

3.8  A debt collector called Sacor Financial ("Sacor") purchased Brandt's account from CCS in 2012, and Debtor began working for Sacor.

3.9  Instead of waiting 45 to 60 days for an assignment of judgment to Sacor, Debtor filed an Assignment of Judgment to Sacor after just 11 days.

3.10  The Assignment of Judgment was not signed by a Sacor employee.

3.11  It was signed by Frank G. Huguenin, who was Debtor's law student Intern.

COMPLAINT FOR DETERMINATION OF DISCHARGEABILITY
(18-12299-CMA) - 3

Leonard Law
1001 4TH AVE, SUITE 3200
Seattle, WA 98154
Ph (206) 486-1176 F (206) 458-6028

Case 18-01169-CMA    Doc 1    Filed 12/21/18    Ent. 12/21/18 08:28:58    Pg. 3 of 19

3.12    Debtor notarized the Assignment of Judgment, stating that Frank Huguenin was a representative of Sacor.

3.13    Mr. Huguenin did not work for Sacor when Debtor notarized the Assignment of Judgment, and Debtor has subsequently admitted that fact.

3.14    On November 9, 2012, Debtor filed an Application for Writ of Garnishment in the Collection Action to garnish Brandt's Bank of America account.

3.15    That Application for Writ of Garnishment credited Brandt only $564.80 for amounts previously garnished.

3.16    Brandt contacted Debtor just days later and provided Debtor proof that Brandt had already paid the debt, including: a copy of the settlement agreement and a canceled copy of the cashier's check showing where it had been deposited.

3.17    Debtor did not quash the garnishment in the Collection Action.

3.18    Even after Brandt provided Debtor these documents, $190.17 was garnished from Brandt's BOA Account.

3.19    Debtor filed another Application for Writ of Garnishment in the Collection Action on November 13, 2013.

3.20    Debtor then filed a Motion and Order Directing Personal Appearance of Russell Brandt for Examination in the Collection Action on June 30, 2015.

3.21    Mr. Huguenin, by then a licensed Washington lawyer working for Debtor, appeared for Sacor at the Examination hearing.

3.22    Brandt represented himself at the Examination hearing.

3.23    Brandt told the court he paid the debt in 2006, and provided the King County Superior Court with his documents.

COMPLAINT FOR DETERMINATION OF DISCHARGEABILITY
(18-12299-CMA) - 4

Leonard Law
1001 4TH AVE, SUITE 3200
Seattle, WA 98154
Ph (206) 486-1176 F (206) 458-6028

Case 18-01169-CMA    Doc 1    Filed 12/21/18    Ent. 12/21/18 08:28:58    Pg. 4 of 19

3.24 Brandt testified under oath that he had paid the debt and spoken with Debtor.

3.25 Mr. Huguenin stated that he had not seen Brandt's documents or had been told the judgment was paid.

3.26 The court commented that it appeared that Sacor had been paid, and instructed Huguenin and Brandt to go out into the hall to discuss the matter.

3.27 Approximately one year passed without Debtor rectifying the situation.

3.28 On July 6, 2016, Debtor filed two more applications for Writs of Garnishment in the Collection Action claiming Brandt owed $16,043.96.

3.29 Neither garnishment showed credit for the $764.97 that had been previously garnished from Brandt, or the settlement payment from ten years prior.

3.30 Debtor garnished $1,490.49 from Brandt's BECU account and $20.58 from Brandt's Bank of America account.

3.31 On March 1, 2017, Brandt filed a Motion seeking to vacate the Judgment in the Collection Action.

3.32 The King County Superior Court Judge vacated the judgment in the Collection Action, citing "an extraordinary circumstance."

3.33 Sacor, through new counsel, subpoenaed bank records and learned that Justin Lane had deposited Brandt's money in Lane's personal bank account.

3.34 Sacor dismissed the Collection Action and Brandt dismissed Sacor from this case.

3.35 To date, Brandt has not received the wrongfully-garnished BECU funds back.

3.36 The purpose of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA") is the elimination of abusive debt collection practices by debt collectors and the promotion of consistent state action to protect consumers against debt collection abuses.

COMPLAINT FOR DETERMINATION OF DISCHARGEABILITY
(18-12299-CMA) - 5

Leonard Law
1001 4TH AVE, SUITE 3200
Seattle, WA 98154
Ph (206) 486-1176 F (206) 458-6028

Case 18-01169-CMA    Doc 1    Filed 12/21/18    Ent. 12/21/18 08:28:58    Pg. 5 of 19

3.37 The District Court in 2:17-cv-703-RSM found that Debtor violated the FDCPA by engaging in unfair and deceptive collection methods and seeking to collect amounts not legally due.

3.38 The District Court in 2:17-cv-703-RSM found that a reasonable investigation by Debtor would have revealed that Mr. Lane settled the debt while acting as Sacor's agent, and that Debtor pursuing the debt, even at their client's behest, violated the FDCPA.

3.39 The District Court also found that Debtor violated the Washington Consumer Protection Act, RCW 19.86, by violating the FDCPA in this case.

3.40 The District Court set 2:17-cv-703-RSM for trial on June 11, 2018.

3.41 On June 8, 2018, the Friday afternoon before the Monday trial was set to begin in 2:17-cv-703-RSM , Debtor filed this bankruptcy, which originated as a Chapter 13 (ECF No. 1).

3.42 It was a skeleton filing (ECF No. 4).

3.43 This Court granted relief from stay so that 2:17-cv-703-RSM could proceed to trial (ECF No. 21) and the trial date in 2:17-cv-703-RSM was set for September 17 – 18, 2018.

3.44 Since then, Debtor has repeatedly failed to file accurate schedules and provide all required information to the Trustees and this Court.

3.45 Debtor was found to have made material misrepresentation in his Schedules.

3.46 Debtor has shown an appalling level of gamesmanship, amending his schedules to add sources of income little by little, but only when caught.

3.47 Debtor filed his balance of schedules, statement of income, calculation of disposable income, and Chapter 13 plan on June 25, 2018, (ECF Nos. 13-16).

3.48 On July 23, 2018, Debtor's first Meeting of Creditors was held.

COMPLAINT FOR DETERMINATION OF DISCHARGEABILITY (18-12299-CMA) - 6

Leonard Law
1001 4TH AVE, SUITE 3200
Seattle, WA 98154
Ph (206) 486-1176 F (206) 458-6028

Case 18-01169-CMA    Doc 1    Filed 12/21/18    Ent. 12/21/18 08:28:58    Pg. 6 of 19

3.49 Debtor appeared, but the Chapter 13 Trustee could not conduct its examination because Debtor failed to provide the Chapter 13 Trustee with his most recently filed tax return, bank statements, and proof of income for the past 60 days (*see* ECF No. 33 at 1).

3.50 Brandt's counsel, Sam Leonard, appeared at this Meeting of Creditors and examined Debtor regarding inconsistencies in his schedules.

3.51 During that examination, Debtor admitted that he had failed to disclose that he did contract work for two entities not listed in his filings, Financial Assistance Incorporated ("FAI"), and Fiduciary Services Foundation ("FSF") (*see* ECF No. 29 at 3-4).

3.52 Debtor admitted that he had a desk at FAI and could not explain why his income from FAI, which he claimed was $1,500 a month, was not disclosed (Hearing Audio: Meeting of Creditors, held by Trustee Michael Fitzgerald (July 23, 2018) (on file with the US Trustee at ustpregion18.se.ecf@usdoj.gov)).

3.53 It was also revealed that Debtor's entry in his schedules for the value of his home was based on an informal estimate done by his friend of 20 years (*id.*).

3.54 The informal estimate was far below what online sources estimated was the realistic value of his home.

3.55 The original Meeting of Creditors was rescheduled to August 27, 2018.

3.56 Later that day, the United States Trustee appeared in Debtor's bankruptcy, selecting it for audit (ECF Nos. 22-23).

3.57 On August 7, 2018, the Chapter 13 Trustee filed an Objection to Confirmation, citing a lengthy list of additional issues with Debtor's bankruptcy (ECF No. 33).

3.58 The Objection highlighted multiple issues.

3.59 The Objection noted that Debtor was delinquent on his Plan payment.

3.60 The Objection noted that Debtor had not filed his 2015 - 2017 tax returns.

COMPLAINT FOR DETERMINATION OF DISCHARGEABILITY (18-12299-CMA) - 7

Leonard Law
1001 4TH AVE, SUITE 3200
Seattle, WA 98154
Ph (206) 486-1176 F (206) 458-6028

Case 18-01169-CMA    Doc 1    Filed 12/21/18    Ent. 12/21/18 08:28:58    Pg. 7 of 19

3.61    The Objection noted that Debtor's Plan only provided for $134,000.00 to be paid to unsecured creditors despite Debtor having $481,482.00 in projected disposable income.

3.62    The Objection noted that Debtor did not provide proof of income from all sources, and thus the Chapter 13 Trustee was thus unable to determine if Debtor's disclosure was accurate.

3.63    The Objection noted that Debtor did not disclose all of his employers in his schedules (*id*. at 2-3).

3.64    The Trustee commented further that the list of Debtor's failures and inaccuracies might not be exhaustive (*id*.).

3.65    The Chapter 13 Trustee concurrently filed a Motion to Convert Chapter 13 Case to a Chapter 7 Case, noting Debtor's significant equity in his home (ECF No. 34).

3.66    On August 9, 2018, Debtor stipulated to an order denying confirmation (ECF No. 38) that was without prejudice to the Chapter 13 Trustee's motion to convert to Chapter 7.

3.67    The stipulated order (*entered at* ECF No. 42) also required Debtor to cure the issues noted in the Chapter 13 Trustee's and Brandt's objections to plan confirmation by August 20, 2018 (ECF Nos. 29 *and* 33) and to appear at the continued Meeting of Creditors scheduled for August 27, 2018.

3.68    In violation of the August 9, 2018 court order, Debtor failed to appear at the August 27, 2018 Meeting of Creditors (*see* ECF No. 52 at 1).

3.69    Debtor did not make his full plan payment to bring his plan current (*id*.).

3.70    Debtor did file an Amended Plan (ECF No. 43), Amended Statement of Income (ECF No. 46), Amended Calculation of Disposable Income (ECF No. 47), Amended Schedules A, B, C, I, and an Amended Statement of Financial Affairs (ECF No. 49) on August 20, 2018.

COMPLAINT FOR DETERMINATION OF DISCHARGEABILITY
(18-12299-CMA) - 8

**Leonard Law**
1001 4TH AVE, SUITE 3200
Seattle, WA 98154
Ph (206) 486-1176 F (206) 458-6028

Case 18-01169-CMA    Doc 1    Filed 12/21/18    Ent. 12/21/18 08:28:58    Pg. 8 of 19

3.71 Debtor's Amended schedules revised the value of his home upward by $64,000.00 and his income up $750.00 a month.

3.72 However, because Debtor still had not provided all of his income and asset verification documentation, his disclosures were still, in part, unverifiable.

3.73 The Chapter 13 Trustee filed a new Objection to Plan Confirmation on August 29, 2018 expressing serious concerns as to whether Debtor had filed bankruptcy in good faith (ECF No. 52).

3.74 The hearing on the Trustee's Motion to Convert was held September 6, 2018.

3.75 At the hearing, this Court stated that it was inclined to convert the case, as that appeared to be in the creditors' best interests.

3.76 Debtor's counsel requested that Debtor be allowed to dismiss rather than convert (*see also* ECF No. 53 at 3).

3.77 A decision on whether to convert was continued to the September 27, 2018 calendar.

3.78 Trial was held in 2:17-cv-703-RSM on September 17 – 18, 2018. (*See* ECF Proof of Claim 8-3).

3.79 The jury returned a verdict in favor of Brandt in the amount of $161,752.00, and the Court awarded the maximum statutory damages allowed under the FDCPA ($1,000), trebled Brandt's damages up to the statutory maximum allowed under the WCPA ($25,000) and awarded attorneys' fees and costs for a total judgment in the amount of $288,967.00 (*id.*).

3.80 On September 24, 2018, Debtor appeared at his Continued Meeting of Creditors, but was again not examined because he had not provided the required documentation.

COMPLAINT FOR DETERMINATION OF DISCHARGEABILITY (18-12299-CMA) - 9

Leonard Law
1001 4TH AVE, SUITE 3200
Seattle, WA 98154
Ph (206) 486-1176 F (206) 458-6028

Case 18-01169-CMA    Doc 1    Filed 12/21/18    Ent. 12/21/18 08:28:58    Pg. 9 of 19

3.81    On September 25, 2018, Debtor and the Chapter 13 Trustee filed a stipulation to convert Debtor's case to a Chapter 7 (ECF No. 64).

3.82    The case was converted, and Debtor was ordered to file post conversion schedules by October 11, 2018 (ECF No. 70) and appear at a Meeting of Creditors on October 25, 2018 (ECF No. 69).

3.83    Debtor's initial post conversion schedules, filed October 11, 2018, revealed Debtor had **$35,757.00** in his Wells Fargo checking account (ECF No. 74).

3.84    These funds were not disclosed when he originally filed his Chapter 13 and Debtor did not disclose them to the Chapter 13 Trustee at any time prior to conversion.

3.85    Debtor's schedules also revealed $49,480.00 in previously undisclosed income (*compare* ECF No. 49 at 2, *with* ECF No. 74 at 12).

3.86    One of the sources of that income was attorney's fees awarded in the case of *Lemieux v. King* (ECF No. 74 at 12).

3.87    Debtor's has not explained why he failed to disclose this income or his claim to these fees in his initial filings.

3.88    The report from the audit of Debtor's schedules order by the United States Trustee was filed October 23, 2018 (ECF No. 80).

3.89    The audit report revealed that there were multiple material misrepresentations in Debtor's schedules.

3.90    The audit revealed Debtor failed to disclose $2,351.86 in monthly income, underreported the fair market value of a single item of personal property by nearly $30,000.00 and failed to disclose a deposit account.

3.91    Just hours later, Debtor again amended his schedules (*see* ECF Nos. 81-83).

COMPLAINT FOR DETERMINATION OF
DISCHARGEABILITY
(18-12299-CMA) - 10

**Leonard Law**
1001 4TH AVE, SUITE 3200
Seattle, WA 98154
Ph (206) 486-1176 F (206) 458-6028

Case 18-01169-CMA    Doc 1    Filed 12/21/18    Ent. 12/21/18 08:28:58    Pg. 10 of 19

3.92   Debtor requested the Chapter 7 Trustee continue his Meeting of Creditors scheduled for October 25, 2018.

3.93   Debtor did not give notice to Brandt's counsel that he had requested a continuance.

3.94   Brandt's counsel SaraEllen Hutchison, whose office is in Tacoma, traveled from Tacoma to Seattle only to find the matter was continued at Debtor's request.

3.95   The Meeting of Creditors was rescheduled for November 8, 2018.

3.96   On November 2, 2018, this Court entered an Order to Show Cause for Failure to File Post-Conversion Schedules (ECF No. 88).

3.97   That evening, Debtor filed a Declaration re: Post-Conversion Schedules stating that Schedules C, D, G, H and J were substantially unchanged.

3.98   On November 8, 2018, Debtor's *fifth* scheduled Meeting of Creditors was held.

3.99   The Chapter 7 Trustee, Brandt's Counsel, and the United States Trustee all questioned Debtor on his schedules and assets.

3.100   At the Meeting of Creditors, Debtor equivocated that his taxes still had not been filed or were just being filed.

3.101   Debtor was previously instructed to file his taxes during his July 23, 2018 Meeting of Creditors, over three months prior.

3.102   Questioning at the November 8, 2018 Meeting of Creditors also revealed that Debtor had sought to exempt more personal property than was allowed under Washington law (*see* ECF No. 97).

3.103   Debtor was also unable to explain where all of the **$35,757.00** held in his Wells Fargo Checking account had come from and why it had not been previously reported.

COMPLAINT FOR DETERMINATION OF DISCHARGEABILITY (18-12299-CMA) - 11

Leonard Law
1001 4TH AVE, SUITE 3200
Seattle, WA 98154
Ph (206) 486-1176 F (206) 458-6028

Case 18-01169-CMA    Doc 1    Filed 12/21/18    Ent. 12/21/18 08:28:58    Pg. 11 of 19

3.104 Debtor testified that some of the money had gone to pay an attorney who did not formally appear to defend him in the Collection Abuse Action.

3.105 More concerning, however, Debtor could not explain where the rest of that money has gone; it was not included in his latest Amended Schedule A/B (ECF No. 83).

3.106 Debtor also admitted that he expected $5,000 - $10,000 in income he had not previously reported from various law clients left over from his previous business.

3.107 Debtor has not filed amended schedules to correct the errors and inconsistencies discovered during his last Meeting of Creditors.

3.108 To date, his post conversion schedules contain errors, misrepresentations, and raise serious questions of candor.

3.109 Most recently, Debtor was subpoenaed to appear before the U.S. Trustee for a 2004 examination and answer questions about his assets.

3.110 Prior to the 2004 examination, which was scheduled for December 20, 2018, Debtor was required to provide certain documents concerning his assets and income to the US Trustee.

3.111 Debtor failed to provide the subpoenaed documents, and the 2004 examination was necessarily continued.

3.112 The U.S. Trustee was also forced to continue the deadline for filing a nondischargability action, as Debtor still has not provided documents he was commanded to produce under subpoena.

3.113 The above facts exemplify willful, malicious and dishonest conduct, bad faith filing and abuse of the bankruptcy process and this Court, and warrant a finding that Brandt's claim against Debtor is non-dischargeable.

COMPLAINT FOR DETERMINATION OF
DISCHARGEABILITY
(18-12299-CMA) - 12

**Leonard Law**
1001 4TH AVE, SUITE 3200
Seattle, WA 98154
Ph.(206)486-1176 F.(206)458-6028

Case 18-01169-CMA    Doc 1    Filed 12/21/18    Ent. 12/21/18 08:28:58    Pg. 12 of 19

## IV. CLAIM UNDER 11 U.S.C. §523(a)(A)(6)

4.1  Plaintiff re-alleges sections I through III, inclusive as though fully set forth herein.

4.2  11 U.S.C. §523(a)(A)(6) bars discharge of debt for willful and malicious injury by Debtor to the property of another entity.

4.3  Debtor willfully ignored Brandt's repeated communications that Brandt had paid the debt alleged by Debtor's client, Sacor Financial.

4.4  Debtor willfully and maliciously ignored evidence Brandt provided him proving that Brandt had paid the debt.

4.5  Debtor willfully and maliciously submitted a fraudulent affidavit in order to fast-track the collection process in the collection action against Brandt.

4.6  Debtor willfully and maliciously filed writ after writ of garnishment after Brandt provided proof that the debt was paid.

4.7  After Debtor's associate was told by a judge that the debt appeared to have been paid, Debtor chose to continue garnishments that injured Brandt and resulted in the award of damages in the Collection Abuse Action, which is willful and malicious conduct.

4.8  Therefore, the judgment entered against Debtor in the District Court action is non-dischargeable.

## V. CLAIM UNDER 11 U.S.C. §727(a)

5.1  Plaintiff re-alleges sections I through IV, inclusive as though fully set forth herein.

5.2  Section §727(a)(2) of Title 11 of the United States Code provides in relevant part that the Court shall not grant the debtor a discharge if he removes, destroys, mutilates or conceals the debtor's property, or property of the estate within a year before the date of filing, with intent to hinder, delay or defraud a creditor or officer of the estate.

COMPLAINT FOR DETERMINATION OF DISCHARGEABILITY (18-12299-CMA) - 13

Leonard Law
1001 4TH AVE, SUITE 3200
Seattle, WA 98154
Ph (206) 486-1176 F (206) 458-6028

Case 18-01169-CMA    Doc 1    Filed 12/21/18    Ent. 12/21/18 08:28:58    Pg. 13 of 19

5.3     Section §727(a)(3) of Title 11 of the United States Code provides in relevant part that the Court shall not grant the debtor a discharge if he has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records and papers, from which the debtor's financial condition or business transactions might be ascertained, unless justified under the circumstances of the case.

5.4     Section §727(a)(4) of Title 11 of the United States Code provides in relevant part that the Court shall not grant the debtor a discharge if the debtor acted fraudulently, or in connection with the case, (A) made a false oath or account; or (B) presented or used a false claim; or (D) withheld from an officer of the estate entitled to possession under this title, any recorded information, including books, documents, records and papers, relating to the debtor's property or financial affairs.

5.5     Section §727(a)(5) of Title 11 of the United States Code provides in relevant part that the Court shall not grant the debtor a discharge if the debtor has failed to explain satisfactorily, before determination of denial of discharge…any loss of assets or deficiency of assets to meet the debtor's liabilities.

5.6     Section §727(a)(6) of Title 11 of the United States Code provides in relevant part that the Court shall not grant the debtor a discharge if the debtor has refused, in the case – (A) to obey any lawful order of the court.

5.7     Debtor is a sophisticated attorney with a firm grasp of the bankruptcy process and the Code.

5.8     Debtor filed his bankruptcy on the eve of a trial against him for collection abuses that he was found to have committed.

COMPLAINT FOR DETERMINATION OF DISCHARGEABILITY
(18-12299-CMA) - 14

Leonard Law
1001 4TH AVE, SUITE 3200
Seattle, WA 98154
Ph (206) 486-1176 F (206) 458-6028

Case 18-01169-CMA    Doc 1    Filed 12/21/18    Ent. 12/21/18 08:28:58    Pg. 14 of 19

5.9     Yet, since filing for bankruptcy, Debtor has repeatedly failed to disclose all of his income and assets and has numerous times failed to appear at his scheduled Meetings of Creditors.

5.10    Debtor was even so bold as to not appear at his August 27, 2018, Meeting of Creditors after stipulating to an order that this Court entered that required him to do so (ECF No. 52).

5.11    Debtor has not complied with multiple Court orders, including the Court's order for Debtor to file post conversion schedules (what was filed was not accurate).

5.12    After Debtor failed to appear at Meetings of Creditors, provide the Trustee with all of his 341 documents, and misrepresented his income in his Chapter 13, Debtor was threatened with involuntary conversion to Chapter 7.

5.13    Debtor has seized on the "changing of the guard" from the Chapter 13 trustee to the Chapter 7 trustee to manipulate the system to avoid creditors he is able to pay.

5.14    Debtor escalated his "hide-and-seek" tactics, and manipulated his schedules and the Court's calendar to prolong the proceedings.

5.15    Debtor even went so far as to fail to respond to a subpoena for documents issued by the U.S. Trustee and refuse to comply with the Court's order commanding him to appear at a meeting of creditors.

5.16    Debtor's intentional delay is the opposite of what the Bankruptcy process is supposed to provide: an efficient fresh start for good faith debtors. *Little v. Reaves (In re Reaves)*, 285 F.3d 1152, 1157 (9th Cir. 2002).

5.17    Consistent with a bad faith filing, Debtor's schedules change with the wind, being amended to whatever best suits his needs, until those schedules are challenged.

COMPLAINT FOR DETERMINATION OF DISCHARGEABILITY
(18-12299-CMA) - 15

**Leonard Law**
1001 4TH AVE, SUITE 3200
Seattle, WA 98154
Ph (206) 486-1176 F (206) 458-6028

Case 18-01169-CMA    Doc 1    Filed 12/21/18    Ent. 12/21/18 08:28:58    Pg. 15 of 19

5.18   While the list of errors and omissions is too long for a complete recitation here (many are discussed in the facts section), a few glaring examples show the need for extraordinary action by the Court.

5.19   When Debtor originally filed for Chapter 13, he disclosed that his monthly income was $16,000.00 (ECF No. 13).

5.20   At his first Meeting of Creditors it came to light that he made at least $1,500.00 a month more than he represented in his schedules.

5.21   It also came to light that he had not disclosed two employment contracts that are significant sources of income.

5.22   In his post-conversion schedules, Debtor represented that he had over $33,000 in his Wells Fargo account (ECF No. 74), but in a later filed schedule, that money had disappeared (ECF No. 83).

5.23   The United States Trustee's audit revealed that Debtor had $18,351.86 in monthly income, far more income than he reported in his schedules or disclosed at his Meetings of Creditors.

5.24   The audit also found other material misstatements in Debtor's schedules.

5.25   Finally, at his most recent Meeting of Creditors, it came to light Debtor had even more income that he had previously failed to disclose, and he could not account for where tens of thousands of dollars had gone.

5.26   Without the watchful eye of the Court, it is certain that Debtor will continue to disregard the Code, and the best interests of creditors will be cheated.

5.27   Even with the watchful eye of the Court fixed on Debtor, Mr. Brandt has serious concerns that Debtor will fail to disclose all of his income and assets.

COMPLAINT FOR DETERMINATION OF DISCHARGEABILITY (18-12299-CMA) - 16

Leonard Law
1001 4TH AVE, SUITE 3200
Seattle, WA 98154
Ph (206) 486-1176 F (206) 458-6028

Case 18-01169-CMA    Doc 1    Filed 12/21/18    Ent. 12/21/18 08:28:58    Pg. 16 of 19

5.28 Debtor is significantly over income for Chapter 7 filing, but a liquidation of his assets is one of the only ways to ensure that creditors receive some relief.

5.29 Thus, Brandt requests that the Court keep Debtor in Chapter 7 despite Debtor's misrepresentations, and declare Debtor ineligible for discharge, as he has significant assets and income to make his creditors whole.

5.30 He has misrepresented his assets, violated a court order, concealed assets and has engaged in unusual abuse of the bankruptcy system.

5.31 Debtor is not a good faith debtor.

5.32 Mr. Brandt asks this Court to view in its totality Debtor's misconduct in his Chapter 13, Debtor's misconduct in his Chapter 7, and Debtor's misconduct in the Collection Abuse Action.

5.33 The picture that emerges is one of an individual who combines a change of forum, the power his law license affords, and as Chief Judge Ricardo Martinez put it, "a disturbing lack of responsibility for his actions." *Brandt v. Columbia Credit Servs.*, No. C17-703RSM, 2018 U.S. Dist. LEXIS 164445, at *4 (W.D. Wash. Sept. 25, 2018).

5.34 Debtor's actions are costing creditors, trustees and this Court time and expense that may never be recaptured unless he is called to task.

5.35 Debtor's conduct warrants a finding and declaratory judgment that Debtor is not eligible for discharge.

///

///

///

///

COMPLAINT FOR DETERMINATION OF DISCHARGEABILITY (18-12299-CMA) - 17

**Leonard Law**
1001 4TH AVE, SUITE 3200
Seattle, WA 98154
Ph (206) 486-1176 F (206) 458-6028

Case 18-01169-CMA    Doc 1    Filed 12/21/18    Ent. 12/21/18 08:28:58    Pg. 17 of 19

## VI. CLAIM UNDER 11 U.S.C. §105

6.1 Plaintiff re-alleges sections I through V, inclusive as though fully set forth herein.

6.2 Pursuant to 11 U.S.C. §105, the bankruptcy court has the power to take any action necessary to prevent bad faith conduct or abuse of the bankruptcy process. *Marrama v. Citizens Bank of Mass.*, 549 U.S. 365, 373-76, 127 S. Ct. 1105, 166 L. Ed. 2d 956 (2015).

6.3 As detailed above, Debtor's misrepresentations, failure to adhere to court orders and fraudulent concealment of assets is bad faith conduct and abuse of the bankruptcy process.

6.4 Debtor's conduct warrants a finding and declaratory judgment that Debtor is not eligible for discharge.

## VI. PRAYER FOR RELIEF

WHEREFORE, the Plaintiff, RUSSELL BRANDT, respectfully requests that this Court:

A. Declare the judgment awarded against Debtor in *Brandt v. Columbia Credit Servs.*, No. C17-703RSM, 2018 U.S. Dist. LEXIS 164445 be determined nondischargeable pursuant to §523, and

B. Issue a declaratory judgment for complete liquidation of Debtor's assets pursuant to §727 and §105, and

C. Award Plaintiff's attorneys' fees and costs incurred in bringing and prosecuting this non-dischargeability action, and

D. Declare that Plaintiff's attorneys' fees and costs incurred in bringing and prosecuting this action are non-dischargeable.

## VII. JURY DEMAND

Plaintiff demands a jury on all issues so triable.

COMPLAINT FOR DETERMINATION OF DISCHARGEABILITY
(18-12299-CMA) - 18

**Leonard Law**
1001 4TH AVE, SUITE 3200
Seattle, WA 98154
Ph (206) 486-1176 F (206) 458-6028

Case 18-01169-CMA    Doc 1    Filed 12/21/18    Ent. 12/21/18 08:28:58    Pg. 18 of 19

Respectfully Submitted this 21st day of December, 2018.

S//Samuel Leonard
SAMUEL LEONARD (WSBA #46498)
Leonard Law
1001 4th Ave. #3200
Seattle, WA 98154
Ph. 206.486.1176
Fx. 206.458.6028
sam@seattledebtdefense.com

S//SaraEllen Hutchison
SARAELLEN HUTCHISON (WSBA #36137)
Law Office of SaraEllen Hutchison, PLLC
2367 Tacoma Avenue South
Tacoma, WA 98402
Telephone: (206) 529-5195
Facsimile: (253) 302-8486
Email: saraellen@saraellenhutchison.com

*Attorneys for Creditor Russell Brandt*

COMPLAINT FOR DETERMINATION OF DISCHARGEABILITY
(18-12299-CMA) - 19

**Leonard Law**
1001 4TH AVE, SUITE 3200
Seattle, WA 98154
Ph (206) 486-1176 F (206) 458-6028

Case 18-01169-CMA    Doc 1    Filed 12/21/18    Ent. 12/21/18 08:28:58    Pg. 19 of 19