Judge: Christopher M. Alston
Chapter: 7
Hearing Location: Seattle
Hearing Date: 2-6-20
Hearing Time: 1:30 p.m.
Response Date: 1-30-20

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| In Re:<br><br>JASON L. WOEHLER<br><br>              Debtors | Case No:    18-12299-CMA |
| RUSSELL BRANDT<br><br>              Plaintiff<br><br>vs.<br><br>JASON L. WOEHLER<br><br>              Defendant | Adv. Proc No:    18-01169-CMA<br><br>MOTION FOR PARTIAL SUMMARY JUDGMENT |

**NOTICE**

PLEASE TAKE NOTICE that the below joined motion by the defendant for partial summary judgment will be heard on February 6, 2020 at 1:30 p.m. at the United States Bankruptcy Court, 700 Stewart Street, Room 7206, Seattle, Washington 98101, and the clerk is requested to note the motion on the motion docket for that day.

Motion for Partial Summary Judgment - 1

**JAMES E. DICKMEYER, PC**
520 Kirkland Way Suite 400
PO Box 908
Kirkland, Washington 98083-2623
(425) 889-2324

YOU ARE FURTHER NOTIFIED that responses or objections must be made in writing and the original filed with the Clerk of the Bankruptcy Court in Room 6301, 700 Stewart Street, Seattle WA 98101 no later than January 30, 2020. Failure to so comply may be deemed by the court as opposition without merit. If responsive pleadings are not filed as stated above, the hearing may be stricken and an order granting the relief requested in the motion may be presented *ex parte*.

## MOTION

COMES NOW the defendant Jason L. Woehler ("Woehler"), by and through counsel, and hereby moves the court for entry of an order granting partial summary judgment pursuant to FRBP 7056 and F.R.Civ.P. 56 dismissing plaintiff's claims for nondischargeability of debt under 11 USC §523(a)(6). This motion is based on the records and files herein and the declarations of Jason L. Woehler, Frank Huguenin and James E. Dickmeyer filed herewith.

Plaintiff Russell Brandt ("Brandt") filed a complaint herein to deny Woehler a discharge pursuant to 11 USC §727 and to determine dischargeability of debt pursuant to 11 USC §523(a)(6). This motion for partial summary judgment is directed solely to Brandt's §523(a)(6) claim for determination of dischargeability of debt.

## FACTS

By complaint dated March 30, 2017 Brandt commenced an action in King County Superior Court against Woehler, a collection attorney, his former law firm Wales & Woehler, Inc. P.S., Sacor Financial, Inc. ("Sacor") and Columbia Credit Services, Inc. ("Columbia") See Exhibit 1 to Dickmeyer declaration. Brandt alleged claims for violation of the Washington Consumer Protection Act ("WCPA"), the Washington Collection Agency Act ("WCAA") and

Motion for Partial Summary Judgment - 2

**JAMES E. DICKMEYER, PC**
520 Kirkland Way Suite 400
PO Box 908
Kirkland, Washington 98083-2623
(425) 889-2324

Case 18-01169-CMA    Doc 13    Filed 01/08/20    Ent. 01/08/20 18:19:35    Pg. 2 of 7

the Fair Debt Collection Practices Act ("FDCPA"). Plaintiff's claims arose from Columbia's initial collection of a debt and later efforts by Sacor and its attorney Woehler to collect the same debt. In May 2017 Sacor removed the matter to the United States District Court for the Western District of Washington. On April 12, 2018, Chief Judge Martinez granted Brandt partial summary judgment on liability, finding Woehler liable for violations of the FDCPA and the WCPA. See Exhibit 2 to Dickmeyer declaration (hereafter the "SJ Order").

In July 2018, after Woehler filed a Chapter 13 petition in part to stay the US District Court action and to develop a plan to pay Brandt, this Court approved a stipulated order granting Brandt relief from the automatic stay so his claim could be liquidated. Dkt. 21 in case #18-12299, In re Jason L. Woehler. The damages stage of the case was heard by a jury, which returned a verdict for $161,752 in damages. See Exhibit 3 to Dickmeyer declaration. Brandt was later awarded $26,000 in FDCPA and WCPA damages by the court and $111,265 in attorneys fees. The United States District Court proceeding is now final.

The gravamen of Brandt's initial complaint was that Woehler, his law firm and Sacor violated various laws by attempting to collect and in fact garnishing funds in payment of a debt Brandt had settled many years before. Brandt had in fact settled with Columbia in 2006. SJ Order, at p. 2. However, unbeknownst to Columbia and later Sacor and Woehler, Brandt's settlement payment had been embezzled. A Columbia employee, Justin Lane, directed Brandt to deposit the settlement directly into Lane's personal account. SJ Order, at p. 5. Many years later Sacor purchased the Brandt debt from Columbia's successor in interest, SJ Order at p. 2, completely unaware the debt had been settled.

Motion for Partial Summary Judgment - 3

**JAMES E. DICKMEYER, PC**
520 Kirkland Way Suite 400
PO Box 908
Kirkland, Washington 98083-2623
(425) 889-2324

Case 18-01169-CMA    Doc 13    Filed 01/08/20    Ent. 01/08/20 18:19:35    Pg. 3 of 7

After Sacor acquired the debt, it instructed its attorney Woehler to begin collections and Woehler did so and assigned the matter to Francis G. Huguenin, then a Rule 9 intern in Woehler's office. See, p. 2 of Exhibit 1 to declaration of Jason L. Woehler. Brandt informed Huguenin the debt had been paid and gave him records demonstrating payment and settlement. See pp. 3-4 of Exhibit 1 to declaration of Francis G. Huguenin. These records were in turn provided to Sacor which reviewed its records and could not corroborate the debt had in fact been settled and paid. *Id.* at pp. 4-5. Sacor directed Woehler to continue collection. *Id.* Collection efforts continued despite Brandt's protest and objection. Finally, the state court judgment was vacated in March 2017. SJ Order, at p. 5. Some weeks later, after Sacor had subpoenaed JP Morgan Chase, the successor to Washington Mutual where the settlement check had been deposited more than ten years earlier, Sacor discovered that the account where the Brandt's payment was deposited belonged to Justin Lane, Columbia's employee. Sacor had indeed been collecting on a debt that had been settled and paid. SJ Order, at p. 5.

Brandt alleged in his state court WCPA cause of action against Woehler at paragraph 9.11 that Woehler's actions were "… intentional, willful, wanton, unfair, unconscionable and outrageous." Exhibit 1 to Dickmeyer declaration. The United States District Court made no findings or conclusions on these allegations. Chief Judge Martinez noted that "[t]he test for determining whether a debt collector violated the FDCPA is objective and does not depend on whether the debt collector intended to deceive or mislead the consumer. " SJ Order, at p. 9, ll. 16-18. Woehler denies any intention to cause harm to Brandt. See Woehler declaration. He testified in the United States District Court action he was following instructions from his client and relied on Sacor to verify Brandt's claims of payment and settlement. See Exhibit 1 to

Motion for Partial Summary Judgment - 4

**JAMES E. DICKMEYER, PC**
520 Kirkland Way  Suite 400
PO Box 908
Kirkland, Washington  98083-2623
(425) 889-2324

Case 18-01169-CMA    Doc 13    Filed 01/08/20    Ent. 01/08/20 18:19:35    Pg. 4 of 7

Woehler declaration. Sacor could not corroborate Brandt's claims and thus, to Sacor and derivatively to Woehler, the judgment being collected had not been satisfied.

## DISCUSSION

11 USC §523(a)(6) excepts from discharge a debt for "willful and malicious injury by the debtor to another entity or to the property of another entity." Establishing liability under 523(a)(6) is a two-step process. Proof of a cause of action under Section 523(a)(6) requires satisfying both steps. First, Brandt must prove that Woehler committed a "willful" injury. Khaligh v. Hadaegh (In re Khaligh), 338 B.R. 817, 831 (9th Cir. BAP 2006). To satisfy the willfulness element, a creditor must prove that the debtor deliberately or intentionally injured the creditor, and that in doing so, the debtor intended not just to commit the act itself, but also intended the consequences of the act. *See,* Kawaauhau v. Geiger, 523 U.S. 57, 61-62 (1998). Further, the Court must apply a subjective test in determining the debtor's intent. "[Section] 523(a)(6) renders a debt nondischargeable when there is either a subjective intent to harm, or a subjective belief that harm is substantially certain." Carillo v. Su (In re Su), 290 F.3d 1140, 1144 (9th Cir. 2002).

The second step in the §523(a)(6) analysis is to determine whether the debtor's conduct was "malicious." Kaligh, 338 B.R. at 831. In order to be found malicious, the debtor must have committed a (1) wrongful act, (2) done intentionally, (3) which necessarily causes injury, and (4) which is done without just cause or excuse. *Id*. The last element, whether the act was done without just cause or excuse, presents a mixed question of law and fact. Jett v. Sicroff (In re Sicroff), 401 F.3d 1101, 1105-06 (9th Cir. 2005), *cert. denied* 125 S.Ct. 2964 (2005). Evidence of specific intent to injure can negate just cause or excuse. Khaligh, 338 B.R. at 831.

Motion for Partial Summary Judgment - 5

**JAMES E. DICKMEYER, PC**
520 Kirkland Way Suite 400
PO Box 908
Kirkland, Washington 98083-2623
(425) 889-2324

Case 18-01169-CMA    Doc 13    Filed 01/08/20    Ent. 01/08/20 18:19:35    Pg. 5 of 7

Woehler's liability under the FDCPA is determined by reference to objective factors, as Judge Martinez ruled in the SJ Order. Woehler's liability under the WCPA was found because of his violation of the FDCPA. Judge Martinez made no findings as to Woehler's intent because intent is immaterial to establishing liability under the FDCPA.

The facts demonstrate the absence of a genuine issue of material fact as to the first step in the §523(a)(6) analysis. Woehler did not deliberately or intentionally injure Brandt. Woehler engaged in the collection practices that constituted the FDCPA violation but he lacked the intention to harm and a belief that harm was substantially certain. Woehler was acting at the instruction of his client in collecting an unsatisfied judgment. When Brandt protested the debt had been paid and provided evidence, Woehler forwarded the evidence to his client. After the client could not corroborate Brandt's claim, the client directed that collection efforts continue. Woehler complied with his client's lawful instruction. Woehler had no intent to harm Brandt in any wrongful manner; rather, he was collecting a debt that per his client's records was still outstanding.

If there is no genuine issue of material fact that the first step in the two-step analysis is not satisfied, the §523(a)(6) claim must fail and the court need not proceed to the second step. Nevertheless, Woehler submits there is an absence of a genuine issue of material fact as to the second prong as well.

In order to find malice, the court must find Woehler committed a (1) wrongful act, (2) done intentionally, (3) which necessarily causes injury, and (4) which is done without just cause or excuse. Evidence of specific intent to injure can negate just cause or excuse. Khaligh, 338 B.R. at 831. Here, Woehler's act was deemed wrongful on an objective basis but not

Motion for Partial Summary Judgment - 6

**JAMES E. DICKMEYER, PC**
520 Kirkland Way Suite 400
PO Box 908
Kirkland, Washington 98083-2623
(425) 889-2324

Case 18-01169-CMA    Doc 13    Filed 01/08/20    Ent. 01/08/20 18:19:35    Pg. 6 of 7

intentionally or knowingly so. He undertook the collection actions not knowing or intending they were wrongful. He acted with just cause or excuse given Sacor's acquisition of an apparently valid debt, the absence of a satisfaction of judgment and the absence of corroboration or verification from Sacor that the debt in fact had been paid.

F.R.Civ.P. 56(c) permits a summary judgment to be granted if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." The moving party bears the burden to demonstrate there is no genuine issue of material fact and that, as a matter of law, summary judgment is proper. If the moving party satisfies its burden, the nonmoving party must demonstrate by competent evidence the existence of a genuine issue of material fact on an element essential to the nonmoving party's case and on which that party will bear the burden of proof at trial. See Celotex Corp. v. Catrett, 477 U.S. 317, 322, 91 L.Ed. 2d 265, 106 S.Ct. 2548 (1986).

## CONCLUSION

The record before the court amply demonstrates there is no genuine issue of material fact that Woehler's debt to Brandt did not arise from a willful and malicious injury to Brandt. Summary judgment should be granted dismissing Brandt's claim under 11 USC §523(d)(6).

DATED this 8th day of January, 2020

James E. Dickmeyer, PC

By /s/ *James E. Dickmeyer*
James E. Dickmeyer  WSBA #14318
Attorney for Plaintiffs

Motion for Partial Summary Judgment - 7

**JAMES E. DICKMEYER, PC**
520 Kirkland Way  Suite 400
PO Box 908
Kirkland, Washington  98083-2623
(425) 889-2324

Case 18-01169-CMA    Doc 13    Filed 01/08/20    Ent. 01/08/20 18:19:35    Pg. 7 of 7