Judge: Christopher M. Alston
Chapter: 7
Hearing Location: Seattle
Hearing Date: February 6, 2020
Hearing Time: 1:30 p.m.
Response Date: January 30, 2020

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF WASHINGTON AT SEATTLE**

| | |
|---|---|
| IN RE<br><br>JASON L. WOEHLER,<br>                      DEBTOR.<br><br>RUSSELL BRANDT,<br>                      Plaintiff<br>v.<br>JASON L. WOEHLER,<br>                      Defendant. | Bankruptcy No. 18-12299-CMA<br><br>Adversary No. 18-01169-CMA<br><br>**PLAINTIFF'S REPLY TO DEBTOR'S OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** |

## I.     INTRODUCTION

COMES NOW Plaintiff, RUSSELL BRANDT, ("Plaintiff") by and through counsel, and respectfully files this Reply to Debtor's Opposition to Plaintiff's Motion for Summary Judgment. Plaintiff incorporates by reference Plaintiff's Opposition to Debtor's Motion for Partial Summary Judgment, which fully addresses Plaintiff's claim under 11 U.S.C. §523(a)(6).

Debtor's response to Plaintiff's Motion For Summary Judgment does not contest that he made misrepresentations in his schedules, instead it is "whether misstatements in the schedules and statements are sufficient to deny [Debtor] a discharge under 11 U.S.C. §727(a)(4)." (Dkt. No. 18 at 2). Debtor also does not deny failing to follow the Court's orders, but instead seeks to minimize his failure to follow the Court's order and mischaracterizes the ways in which he

PLAINTIFF'S REPLY
18-01169-CMA - 1

**Leonard Law**
1001 4th Ave, Suite 3200
Seattle, WA 98154
Ph. (206) 486-1176 Fax (206) 458-6028

Case 18-01169-CMA     Doc 20     Filed 02/03/20     Ent. 02/03/20 18:13:43     Pg. 1 of 8

disobeyed the Court's order. Debtor's defense is consistent with his pattern of producing explanations after he is called out for his misrepresentations.

Debtor is not a good faith debtor entitled to discharge under 11 U.S.C. §727. Debtor's new assertions in his Opposition to Plaintiff's §727 motion reveal Debtor's standard operating procedure is to act willfully in spite of knowledge of the consequences, a posture that he attempts to minimize as "Hobson's choice[s]" and "miscommunications and glitches." (Dkt. 18-1, p. 3-5.) His Opposition brief actually solidifies Plaintiff's claim under §523(a)(6) and does not create a material issue of fact that defeats a summary judgment finding of nondischargeability.

## II. FACTS

Plaintiff incorporates by reference all relevant material facts regarding Mr. Brandt's claim of nondischargeability previously adjudicated in *Brandt v. Columbia Credit Servs.*, Case No. 2:17-cv-703-RSM (hereinafter "Collection Abuse Matter"), Plaintiff's Motion for Summary Judgment (Dkt. 15) and Exhibits (Dkt. 16) and Plaintiff's Opposition to Debtor's Motion for Partial Summary Judgment (Dkt. 17). In the interest of brevity and judicial economy, these facts will not be repeated here.

In his response, Debtor admits that he did not comply with a Court order and appear at a 341 hearing. (Dkt. 18 at 2). He claims that his failure to appear at his 341 hearing as ordered by the Court was a scheduling error. (Dkt. 18 at 2). He claims he does not know when he is going to be *in trial.* (Dkt. 18-1, p. 3, ¶7). His explanation fails to address his failure to provide "documentation of *all* sources of [his] income" as ordered by the Court. (*See* Dkt. 39 at 1 in original action (emphasis in the original)). Debtor also claims to have not known the balance in his Wells Fargo bank account. (Dkt. 18-2, p. 2.) He does not explain why or how he could not simply look up this information (Dkt. 18-1, p. 5, ¶12). It is the Debtor's responsibility to disclose assets and ensure that those assets that are disclosed are accurate and his failure to disclose $35,000 in assets

PLAINTIFF'S REPLY
18-01169-CMA - 2

**Leonard Law**
1001 4th Ave, Suite 3200
Seattle, WA 98154
Ph. (206) 486-1176 Fax (206) 458-6028

Case 18-01169-CMA    Doc 20    Filed 02/03/20    Ent. 02/03/20 18:13:43    Pg. 2 of 8

is material. Debtor admits failing to include "sporadic" income from Fiduciary Services Foundation, "occasional small fees from former clients" and a "small monthly auto reimbursement from Merchants Credit." (Dkt. 18-1, p. 3.) Debtor then admits that he engages in fee splitting with his collection agency client FAI on his WSU accounts: "FAI recovers any attorney's fees, those fees are not paid to me." (Dkt. 18-1, p. 4, ¶10.) Fee splitting is prohibited under Wash. RPC 5.4.[1]

He also admits that he initially filed for Chapter 13 to stay Plaintiff's case in District Court, and claims it was also to "make structured payments over time of the expected judgment…and…other debts" (Dkt. 18-1, p. 1, ¶1). He claims that following Mr. Brandt's judgment, it "became apparent that [his] income was not enough to pay all creditors" (Dkt. 18-1, p. 2, ¶3). Only after then, and following many irregularities in this bankruptcy, did Debtor locate a friend who was able to loan him money to repurchase the non-exempt equity in his house, suggesting that all along he could have satisfied his creditors short of filing bankruptcy. (Dkt. 18-1, p. 6, ¶14.)

### III. AUTHORITY

**A. Summary Judgment Standard.**

A Court shall grant summary judgment "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Civil Rule 56(c)(2), as incorporated by Rule 7056; *Barboza v. New Form, Inc. (In re Barboza)*, 545 F.3d 702, 707 (9th Cir. 2008). Summary judgment is appropriate where the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). A

---

[1] Fee splitting is barred under Washington Rule of Professional Responsibility 5.4. The comment to Wash. RPC 5.4 explains rules barring fee splitting "are to protect the lawyer's professional independence of judgment."

PLAINTIFF'S REPLY
18-01169-CMA - 3

**Leonard Law**
1001 4th Ave, Suite 3200
Seattle, WA 98154
Ph. (206) 486-1176 Fax (206) 458-6028

Case 18-01169-CMA    Doc 20    Filed 02/03/20    Ent. 02/03/20 18:13:43    Pg. 3 of 8

court, on a motion for summary judgment, should view all the evidence and draw all inferences in the light most favorable to the non-moving party. *Anderson*, 477 U.S. at 255; *Sullivan v. U.S. Dep't of the Navy*, 365 F.3d 827, 832 (9th Cir. 2004).

Once the moving party properly supports its motion for summary judgment, the non-moving party must establish a genuine issue of material fact in order to preclude a grant of summary judgment. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247- 248 (1986). In addition, "a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 323. The substantive law upon which each claim rests determines the facts that are "material." *Anderson*, 477 U.S. at 248.

**B. Section 727: Debtor's Deception.**

Denial of a discharge is appropriate under section 727(a)(4)(A) if the plaintiff shows by a preponderance of the evidence that "(1) the debtor made a false oath in connection with the case; (2) the oath related to a material fact; (3) the oath was made knowingly; and (4) the oath was made fraudulently." *In re Roberts*, 331 B.R. 876, 882 (9th Cir. BAP 2005). A single false oath involving a material false statement or omission in a debtor's schedules is all that is required for denial of discharge, if it detrimentally affects administration of the estate. *In re Kahle*, No. 11-61359-13, 2013 Bankr. LEXIS 515, at *28-29 n.13 (Bankr. D. Mont. Feb. 8, 2013) (citing *Fogal Legware of Switzerland, Inc. v. Wills (In re Wills)*, 243 B.R. 58, 62 (9th Cir. BAP 1999); *In re Wright*, 364 B.R. 51, 57 (Bankr. D. Mont. 2007)).

A "false oath" can be a false statement or omission in the debtor's schedules. *Fogal*, 243 B.R. at 62. A false oath can also be a false statement under oath at a meeting of creditors. *See Cork*

PLAINTIFF'S REPLY
18-01169-CMA - 4

**Leonard Law**
1001 4th Ave, Suite 3200
Seattle, WA 98154
Ph. (206) 486-1176 Fax (206) 458-6028

Case 18-01169-CMA    Doc 20    Filed 02/03/20    Ent. 02/03/20 18:13:43    Pg. 4 of 8

*v. Gun Bo, LLC (In re Cork)*, 566 B.R. 237, 253 (D. Ariz. 2017). Debtor made numerous false oaths in his schedules and at his multiple meeting of creditors.

## IV. ARGUMENT

### A. Debtor Is Not Entitled to a Discharge Pursuant to §727.

Debtor admits he has made misstatements regarding his income and assets. The UST's audit found that Debtor made "one or more material misstatements," and Debtor did not dispute the UST's characterization. Debtor has failed to supply plausible explanations for all of his misrepresentations in his schedules, and has thus failed to create a triable issue of material fact on Plaintiff's §727 claim. Just one material false statement is all that is needed. Despite Debtor and his counsel offering explanations for *some* of the omissions and inconsistencies in the schedules and reasons for failing to follow the Court's order, the fact remains that certain misrepresentations and his failure to abide the Court's orders have no plausible explanation whatsoever:

(1) Debtor failed to appear at his 341 hearing as Ordered, he failed to provide the trustees with all the records he was required to produced at his multiple 341 hearings, he failed to make plan payments as ordered and has shown a shocking disregard for this Court authority. (*See* Dkt. 52 in original action). There is no excuse given as to why the Debtor, who has substantial income, did not make his plan payment as ordered by the Court. (*See* Dkt. 39, original action). There is no excuse for Debtor's failure to appear at his originally scheduled 341 with all of the required documentation, or at his continued 341s with all required documents.

(2) It is wholly implausible for a Debtor who is an attorney to not know, and not have readily available, the balance in his bank account, or remember approximately when he was last paid by his own clients. (Dkt. 18-1, p. 2, ¶4.) Debtor pays short shrift to a $35,000 oversight that is material.

PLAINTIFF'S REPLY
18-01169-CMA - 5

**Leonard Law**
1001 4th Ave, Suite 3200
Seattle, WA 98154
Ph. (206) 486-1176 Fax (206) 458-6028

Case 18-01169-CMA   Doc 20   Filed 02/03/20   Ent. 02/03/20 18:13:43   Pg. 5 of 8

(3) Debtor wholly fails to address the finding of the UST's audit which found he made numerous material misstatements of income and assets. (Dkt. 80, Original Action)

(4) It is equally implausible for Debtor, an attorney who practices in the area of debtor-creditor law, to "overlook" three different sources of income, Fiduciary Services Foundation, fees from clients, and an automobile reimbursement that might seem minor to Debtor, but add up over time. (Dkt. 18-1, p. 3, ¶6.)

(5) Debtor has not explained the disarray in his house or otherwise responded to Plaintiff's assertion that he was interfering with the sale of the home in bad faith. (Dkt. 18-1, p. 5, ¶12; Ex. A, Declaration of Rik Jones describing disarray and other issues he observed.)

Debtor expects the Court to somehow hold Debtor to a more lenient standard under §727 simply because he is a busy attorney working for three different collection agencies, has a high volume of cases, is frequently on the road, and forgets to bring his calendar. (Dkt. 18-1, p. 3, ¶7.) A lawyer, however, is not too busy to know how much money he has and where it comes from. He simply cannot plausibly state that he did not know these amounts and facts, and has admitted he filed the Chapter 13 to delay Plaintiff's obtaining a judgment against him. Debtor has only "remembered" certain resources when caught in the misrepresentation. Debtor came to this Court fraudulently, and his thin excuses do not defeat Plaintiff's otherwise supported motion for summary judgment.

An attorney and officer of the Court should not violate a Court order in multiple ways and fail to provide documents necessary for his 341 hearing, on multiple occasions. Debtor cannot plausibly state that he is more unaware of his income and assets than the average debtor; a lawyer can reasonably be expected to be more accurate the first time with his schedules. The fact that Debtor did not, and has no plausible explanations for why he forgot to accurately disclose or disclose at all key pieces of income and assets, makes Plaintiff's success on the §727 claim

PLAINTIFF'S REPLY
18-01169-CMA - 6

**Leonard Law**
1001 4th Ave, Suite 3200
Seattle, WA 98154
Ph. (206) 486-1176 Fax (206) 458-6028

Case 18-01169-CMA    Doc 20    Filed 02/03/20    Ent. 02/03/20 18:13:43    Pg. 6 of 8

inevitable. Debtor's declaration that he "did not intentionally disregard" and has been "truthful to the best of [his] ability" does not defeat Plaintiff's otherwise supported motion for summary judgment, and this Court should grant it.

## V. CONCLUSION

For the reasons detailed herein, Plaintiff requests that the Court grant Plaintiff's motion. Mr. Brandt requests an award of attorneys' fees incurred in this action and leave to file a motion for fees should the Court grant Plaintiff's request.

DATED this 3rd day of February, 2020.

S//Samuel Leonard
SAMUEL LEONARD (WSBA #46498)
Leonard Law
1001 4th Ave. #3200, Seattle, WA 98154
Ph. 206.486.1176
Fx. 206.458.6028
sam@seattledebtdefense.com

S//SaraEllen Hutchison
SARAELLEN HUTCHISON (WSBA #36137)
Law Office of SaraEllen Hutchison, PLLC
539 Broadway, Tacoma, WA 98402
Telephone: (206) 529-5195
Facsimile: (253) 302-8486
Email: saraellen@saraellenhutchison.com

*Attorneys for Creditor Russell Brandt*

## CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury under the laws of the State of Washington that on the 3rd day of February 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will automatically serve and send email notification of such filing to all registered attorneys of record.

PLAINTIFF'S REPLY
18-01169-CMA - 7

**Leonard Law**
1001 4th Ave, Suite 3200
Seattle, WA 98154
Ph. (206) 486-1176 Fax (206) 458-6028

Case 18-01169-CMA    Doc 20    Filed 02/03/20    Ent. 02/03/20 18:13:43    Pg. 7 of 8

1 | Dated this 3rd day of February, 2020 at Tacoma, Washington.

2 
3 
4 
5 
6 

S//SaraEllen Hutchison
SARAELLEN HUTCHISON (WSBA #36137)
Law Office of SaraEllen Hutchison, PLLC
539 Broadway, Tacoma, WA 98402
Telephone: (206) 529-5195
Facsimile: (253) 302-8486
Email: saraellen@saraellenhutchison.com

7 | Counsel for Plaintiff/Creditor Russell Brandt

PLAINTIFF'S REPLY
18-01169-CMA - 8

**Leonard Law**
1001 4th Ave, Suite 3200
Seattle, WA 98154
Ph. (206) 486-1176 Fax (206) 458-6028

Case 18-01169-CMA    Doc 20    Filed 02/03/20    Ent. 02/03/20 18:13:43    Pg. 8 of 8