Judge: Christopher M. Alston
Chapter: 7
Hearing Location: Seattle
Hearing Date: March 19, 2020
Hearing Time: 1:30 p.m.
Reply Date: March 16, 2020, 5:00 p.m.

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF WASHINGTON AT SEATTLE**

IN RE

JASON L. WOEHLER,

        DEBTOR.

---

RUSSELL BRANDT,

        Plaintiff

v.

JASON L. WOEHLER,

        Defendant.

Bankruptcy No. 18-12299-CMA

Adversary No. 18-01169-CMA

**PLAINTIFF'S REPLY TO DEBTOR'S OPPOSITION TO PLAINTIFF'S MOTION TO CONTINUE TRIAL DATE**

## I. INTRODUCTION

COMES NOW Plaintiff, RUSSELL BRANDT, ("Plaintiff") by and through counsel, and respectfully replies to JASON L. WOEHLER's ("Debtor") Opposition to Plaintiff's Motion to Disqualify Counsel and Extend the Discovery Deadline.

Debtor summarily states that Debtor and his counsel, James Dickmeyer, would testify consistently regarding several contested issues and that therefore Mr. Dickmeyer's testimony is somehow not necessary. The Debtor's conduct in this Court is at issue. Plaintiff does not want a "fishing expedition;" Plaintiff simply has the right to call material witnesses at trial. Although Debtor attempts to explain certain issues ahead of trial (Dkt. 40, pp. 2 – 4), because these issues are material, it is all the more reason why Plaintiff and the trier of fact should not just simply take

PLAINTIFF'S REPLY RE: DISQUALIFICATION
18-01169-CMA - 1

**Leonard Law**
1001 4th Ave, Suite 3200
Seattle, WA 98154
Ph. (206) 486-1176 Fax (206) 458-6028

Case 18-01169-CMA    Doc 42    Filed 03/16/20    Ent. 03/16/20 16:48:45    Pg. 1 of 6

Debtor's word for it in this motion practice. Plaintiff still has the right to examine Mr. Dickmeyer on the listed issues and, without revealing Plaintiff's trial strategy, other facts at trial relevant to the 11 U.S.C. §727 claims.

## II. FACTS

Plaintiff incorporates by reference all relevant material facts regarding Mr. Brandt's claim of nondischargeability under 11 U.S.C. §727 contained in the parties' briefing and exhibits on the Cross-Motions for Summary Judgment (Dkt. 15 – 19) and Plaintiff's motion (Dkt. 34). In the interest of brevity and judicial economy, these facts will not be repeated here.

## III. AUTHORITY

**A. Good Cause Exists to Modify the Scheduling Order and Continue Trial.**

"The right to disqualify counsel is within the discretion of the trial court as an exercise of its inherent powers." *See United States v. Wunsch,* 84 F.3d 1110, 1114 (9th Cir. 1996). A motion to disqualify counsel is not taken lightly -- courts are reluctant to disqualify counsel absent "compelling circumstances." *See, American Safety Casualty Insurance Company v. Happy Acres Enterprises Co., Inc. et al,* C16-0044 RSM (Jan. 20, 2017). However, a lawyer may be disqualified as an advocate at trial where he or she is likely to be a necessary witness. *State v. Sanchez*, 288 P. 3d 351, 364 (Wn. Ct. App. Div. III, 2012) *citing Public Utility Dist. No. 1 of Klickitat County v. Int'l Ins. Co.,* 124 Wn.2d 789, 811-12, 881 P.2d 1020 (Wash. 1994). [A] motion for disqualification must be supported by a showing that the attorney will give evidence material to the determination of the issues being litigated, that the evidence is unobtainable elsewhere, and that the testimony is or may be prejudicial to the testifying attorney's client. *Public Utility Dist. No. 1 of Klickitat County v. Int'l Ins. Co.,* 124 Wn.2d 789, 812, 881 P.2d 1020 (1994) (*citing Cottonwood Estates, Inc. v. Paradise Builders, Inc.,* 128 Ariz. 99, 105, 624 P.2d 296 (1981); *see also Bridgen v. Windermere Real Estate Co.*, No. 78581-8-I, 2019 Wash. App. LEXIS 1330, at *4 (Ct. App. May 28, 2019) (quoting *PUD No. 1*, 124 Wn.2d at 812). A trial court's ruling

PLAINTIFF'S REPLY RE: DISQUALIFICATION
18-01169-CMA - 2

**Leonard Law**
1001 4th Ave, Suite 3200
Seattle, WA 98154
Ph. (206) 486-1176 Fax (206) 458-6028

Case 18-01169-CMA    Doc 42    Filed 03/16/20    Ent. 03/16/20 16:48:45    Pg. 2 of 6

disqualifying counsel who is likely to be a necessary witness is reviewed for abuse of discretion. *Id.* at 365, *citing PUD No. 1*, 124 Wash.2d at 812, 881 P.2d 1020. Discretion is abused when it is exercised on untenable grounds or for untenable reasons. *Id., citing State v. Schmitt,* 124 Wn. Ct. App. 662, 666, 102 P.3d 856 (2004).

IV. **ARGUMENT**

**A. Plaintiff has the right to examine necessary witnesses.**

Here, Debtor seeks to reduce the number of issues that Mr. Dickmeyer could testify on to a few, then have the Court believe based on the pleadings and emails produced that this is the entire story. The number and persistence of errors admitted to by Debtor in his opposition, the 11th-hour explanation that it was in large part his counsel's fault, and other factual allegations at issue for trial suggest that it this is not. Although the Court, as trier of fact in this case, is in a superior position to put certain things out of its mind that a jury of laypersons could not do so as easily, the trier of fact has an enormous responsibility in a §727 action. The Court needs the facts, as fully as possible, about what the Debtor did, knew and failed to disclose. And it cannot be asked to simply take the Debtor's word in these pleadings and assume that the testimony of Debtor and his lawyer will not be adverse. These facts cannot be developed fully at trial if Debtor's counsel is permitted to remain as Debtor's advocate.

Debtor's counsel correctly identified that the test for determining whether an advocate should be disqualified as counsel is that laid out in *Cottonwood Estates, Inc. v. Paradise Builders, Inc.* 128 Ariz. 99, 105-06, 624 P.2d 296 (1981). *See Pub. Util. Dist. No. 1 v. Int'l Ins. Co.*, 124 Wn.2d 789, 812, 881 P.2d 1020, 1033 (1994). It test has three parts:

A. "[T]he attorney will give evidence material to the determination of the issues being litigated";

(2) "[T]he evidence is unobtainable elsewhere," and

PLAINTIFF'S REPLY RE: DISQUALIFICATION
18-01169-CMA - 3

**Leonard Law**
1001 4th Ave, Suite 3200
Seattle, WA 98154
Ph. (206) 486-1176 Fax (206) 458-6028

Case 18-01169-CMA    Doc 42    Filed 03/16/20    Ent. 03/16/20 16:48:45    Pg. 3 of 6

(3) "[T]he testimony is or may be prejudicial to the testifying attorney's client." *Id*.

Here, what is material is whether the Debtor engaged in conduct violative of 11 U.S.C. §§ 727(a), (2), (3), (4), (5) or (6). This inquiry necessarily includes information regarding whether Debtor: (1) hid or concealed assets "with intent to hinder, delay, or defraud a creditor or officer of the estate" (727(a)(2)); (2) "concealed, destroyed, mutilated, falsified, or failed to keep or preserve [records] from which [his] financial condition or business transactions might be ascertained, unless such act or failure to act was justified under all of the circumstances of the case" (727(a)(3)); (3) "made a false oath or account" (727(a)(4)(A));(4) failed to explain "any loss or deficiency of assets" (727(a)(5));  or (4) "withheld from an officer of the estate entitled to possession under this title, and recorded information …relating to [Debtor's] property or financial affairs." The Debtor admits and the record shows that his schedules were incomplete and that he failed to disclose certain income and assets. The Record shows that Debtor impeded the Trustee's sale of his home. The record shows that the Chapter 7 Trustee was unable to sell his home at the estimated market rate. The record reveals numerous instances where Debtor failed to disclose information he was required to disclose. Thus, what is left for the Court to determine at trial is the Debtor's intent regarding his actions and misstatements and the nature of those omissions.

Here, much of the material evidence is only available through Debtor's counsel. Debtor's counsel admittedly filled out his schedules. Why Debtor's counsel failed to disclose in those schedules certain information is what is at issue. The primary witness in that inquiry, is Debtor's counsel.

Finally, Debtor has relied on the argument that the errors in his disclosures, were largely a result of his counsels' failure to do what he told him to do. If Debtor's counsel reveals on the stand that some of the errors were not a result of something he did, and instead something his client did, that testimony will be adverse to his client. Debtor's counsel has indicated that this will not happen,

PLAINTIFF'S REPLY RE: DISQUALIFICATION
18-01169-CMA - 4

**Leonard Law**
1001 4th Ave, Suite 3200
Seattle, WA 98154
Ph. (206) 486-1176 Fax (206) 458-6028

Case 18-01169-CMA    Doc 42    Filed 03/16/20    Ent. 03/16/20 16:48:45    Pg. 4 of 6

but then, what is the point of trial. Plaintiff's counsel's case, in-part, rest on what Debtor's counsel did and why. He is the only person that can testify to that, because he and the Debtor have placed the blame at his feet.

B. **Discovery**

The Court at this time may also agree to extend the discovery deadline to permit Plaintiff to complete the outstanding discovery inquiring into all Debtor's communications with attorneys regarding the Brandt matter, his bankruptcy, and his assets as detailed in his schedules. An ounce of additional time now could prevent a pound of woe at trial for the parties and the Court. It may also allow the Court to look more deeply into Debtor's defense of reliance on counsel and whether Debtor's counsel should be disqualified.

V. **CONCLUSION**

For the reasons detailed herein, Plaintiff requests that the Court grant Plaintiff's motion.

DATED this 16th day of March, 2020.

        S//Samuel Leonard
        SAMUEL LEONARD (WSBA #46498)
        Leonard Law
        1001 4th Ave. #3200, Seattle, WA 98154
        Ph. 206.486.1176
        Fx. 206.458.6028
        sam@seattledebtdefense.com

        S//SaraEllen Hutchison
        SARAELLEN HUTCHISON (WSBA #36137)
        Law Office of SaraEllen Hutchison, PLLC
        539 Broadway, Tacoma, WA 98402
        Telephone: (206) 529-5195
        Facsimile: (253) 302-8486
        Email: saraellen@saraellenhutchison.com

        *Attorneys for Creditor Russell Brandt*

PLAINTIFF'S REPLY RE: DISQUALIFICATION      **Leonard Law**
18-01169-CMA - 5      1001 4th Ave, Suite 3200
     Seattle, WA 98154
     Ph. (206) 486-1176 Fax (206) 458-6028

Case 18-01169-CMA    Doc 42    Filed 03/16/20    Ent. 03/16/20 16:48:45    Pg. 5 of 6

## **CERTIFICATE OF SERVICE**

I hereby certify under penalty of perjury under the laws of the State of Washington that on the 16th day of March, 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will automatically serve and send email notification of such filing to all registered attorneys of record.

Dated this 16th day of March, 2020 at Seattle, Washington.

        S//Samuel Leonard
        SAMUEL LEONARD (WSBA #46498)

        Counsel for Plaintiff/Creditor Russell Brandt

PLAINTIFF'S REPLY RE: DISQUALIFICATION
18-01169-CMA - 6

**Leonard Law**
1001 4th Ave, Suite 3200
Seattle, WA 98154
Ph. (206) 486-1176 Fax (206) 458-6028

Case 18-01169-CMA   Doc 42   Filed 03/16/20   Ent. 03/16/20 16:48:45   Pg. 6 of 6