THE HONORABLE CHRISTOPHER M. ALSTON
Chapter 7
Trial Location: Seattle
Trial Date: May 11, 2021
Time: 9:30 a.m.
Response Due: May 3, 2021

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF WASHINGTON AT SEATTLE**

IN RE

JASON L. WOEHLER,
                DEBTOR.

RUSSELL BRANDT,
                Plaintiff
   v.

JASON L. WOEHLER,
                Defendant.

Bankruptcy No. 18-12299-CMA

Adversary No. 18-01169-CMA

**PLAINTIFF'S TRIAL BRIEF**

COMES NOW the Plaintiff, RUSSELL BRANDT ("Mr. Brandt"), by and through counsel, and respectfully submits this Trial Brief. Trial in this Adversary is scheduled for May 11, 2021 at 9:00am before this Court.

## I. INTRODUCTION

A bankruptcy discharge is a privilege, not a right. A debtor who conceals and lies about his financial activities and assets to the Trustee, the creditors, and the Court, with the intent to hinder, delay or defraud creditors, is not entitled to a discharge. A debtor who repeatedly abuses the bankruptcy process, defies orders of this Court, runs up the costs of the administration of the bankruptcy estate and destroys his property is not entitled to a discharge. Defendant/Debtor,

PLAINTIFF'S TRIAL BRIEF        1

Law Office of SaraEllen Hutchison, PLLC
539 Broadway | Tacoma, WA 98402
Ph (206) 529-5195 | Fax (253) 302-8486
saraellen@saraellenhutchison.com

Case 18-01169-CMA    Doc 54    Filed 04/26/21    Ent. 04/26/21 21:07:08    Pg. 1 of 18

JASON L. WOEHLER ("Debtor") is such a debtor. Debtor's actions violate of 11 U.S.C. §727(a)(2), 11 U.S.C. §727(a)(3), 11 U.S.C. §727(a)(4), 11 U.S.C. §727(a)(5) and 11 U.S.C. §727(a)(6). The facts giving rise to his liability under §727(a) are largely admitted and the law of the case, or a matter of public record. Debtor should be denied a discharge.

## II. FACTS

**A. Mr. Brandt's claim.**

Mr. Brandt's claim is the judgment Mr. Brandt has against Debtor in *Brandt v. Columbia Credit Servs.*, Case No. 2:17-cv-703-RSM (hereinafter "District Court Action"). On April 12, 2018, the District Court found that Debtor violated 15 U.S.C. § 1692(e) of the FDCPA and the CPA. *Brandt*, LEXIS 62297, at 10. A jury trial was scheduled for June 11, 2018 to decide damages and injunctive relief against Debtor in the District Court Action.

On June 8, 2018, the Friday afternoon before the Monday trial was set to begin, Debtor filed this bankruptcy, which originated as a Chapter 13. (18-2299 Dkt. 1.) This Court granted relief from stay so that the District Court Action could proceed to trial and fix Brandt's damages claim. Dkt. 21.

On September 17, 2018, a jury trial was held to determine actual damages. *Brandt v. Columbia Credit Servs.*, No. C17-703RSM, 2018 U.S. Dist. LEXIS 164445, at *1 (W.D. Wash. Sep. 25, 2018) (Order RE: Statutory Damages and Injunctive Relief, attached to Leonard Decl. as Ex. C). The next day, the Court held a bench trial and heard argument as to statutory damages under the FDCPA and CPA. *Id*. On September 25, 2018, Chief Judge Martinez granted full statutory damages and trebled Mr. Brandt's CPA damages up to the maximum $25,000. *Brandt*, LEXIS 164445, at *2. The jury returned a verdict in favor of Mr. Brandt in the amount of $10,050

PLAINTIFF'S TRIAL BRIEF 2

Law Office of SaraEllen Hutchison, PLLC
539 Broadway | Tacoma, WA 98402
Ph (206) 529-5195 | Fax (253) 302-8486
saraellen@saraellenhutchison.com

for his injury to business or property, caused by Debtor's violation of the CPA; $1,702 for his noneconomic damages cause by Debtor's violation of the FDCPA; and $150,000 in noneconomic damages under the FDCPA.

In addition to the jury's award and award of full statutory and treble damages, the District Court also awarded attorneys' fees and costs totaling $111,265. *Brandt v. Columbia Credit Servs.*, No. C17-703RSM, 2018 U.S. Dist. LEXIS 176894, at *9 (W.D. Wash. Oct. 15, 2018) (Order Granting In Part Plaintiffs' Motion for Attorneys' Fees and Costs).

The total awarded in the District Court Action, including fees, was $288,967.

B. **Debtor's Conduct Constituting The 727 Violations**.

Debtor filed this bankruptcy originally as a Chapter 13 on June 8, 2018. Dkt. 1.

Debtor filed his balance of schedules, statement of income, calculation of disposable income, and Chapter 13 Plan on June 25, 2018. Dkt. 13-16. His schedules failed to disclose a Bank of America account later found by the Trustee. Dkt. 13-16, p. 29.

During Mr. Brandt's examination of Debtor at the July 23, 2018 341 hearing, Brandt's counsel questioned Debtor on contract work for two entities not listed in his filings, Financial Assistance Incorporated (FAI), and Fiduciary Services Foundation (FSF). Dkt. 16. Debtor testified that he received about $1500 per month from FAI and only "sporadically" from FSF on guardianship cases. Dkt. 16. Debtor continued to be untruthful about his finances and his compensation from FAI and FSF at the November 8, 2018 341 hearing, when Debtor testified that he earns about $5,000 - $10,000 from FSF per year and about $30,000 per year from "various" old law clients. Dkt. 16.

During the July 23, 2018, 341 hearing, the Chapter 13 Trustee did not conduct its examination because Debtor had not provided the Chapter 13 Trustee with his most recently filed tax return, bank statements, and all proof of income for the past 60 days. Dkt. 33 at 1.

PLAINTIFF'S TRIAL BRIEF 3

Law Office of SaraEllen Hutchison, PLLC
539 Broadway | Tacoma, WA 98402
Ph (206) 529-5195 | Fax (253) 302-8486
saraellen@saraellenhutchison.com

The original Meeting of Creditors was rescheduled to August 27, 2018.

The United States Trustee appeared in Debtor's bankruptcy, selecting it for audit. Dkt. 22-23. On August 7, 2018 the Chapter 13 Trustee filed an Objection to Confirmation. Dkt. 33. On August 9, 2018, Debtor stipulated to an order denying confirmation (Dkt. 38) that was without prejudice to the Chapter 13 Trustee's motion to convert to Chapter 7. (Order entered at Dkt. 42.)

On August 20, 2018, the Debtor filed an amended Chapter 13 Plan (Dkt. 43) and moved to confirm the amended plan.

Debtor did not appear at the August 27, 2018 Meeting of Creditors S*ee* Dkt. 52 at 1. Debtor's counsel appeared at the August 27, 2018 hearing and requested a continuance. Debtor did not make his full plan payment to bring his plan current. *Id*.

Debtor's Amended Plan (Dkt. 43), Amended Statement of Income (Dkt. 46), Amended Calculation of Disposable Income (Dkt. 47), Amended Schedules A,B,C,I, and an Amended Statement of Financial Affairs (Dkt. 49) revised the value of his home upward by $64,000.00 and his income up $750.00 a month. The Chapter 13 Trustee filed an Objection to Plan Confirmation on August 29, 2018. Dkt. 52.

Trial was held in the District Court Action on September 17 – 18, 2018. *See Brandt,* LEXIS 164445, at *1.

On September 24, 2018, Debtor appeared at his Continued Meeting of Creditors, but was not examined because he had not provided the required documentation.

On September 25, 2018, Debtor and the Chapter 13 Trustee filed a stipulation to convert Debtor's case to a Chapter 7. Dkt. 64. The case was converted, Debtor was ordered to file post conversion schedules by October 11, 2018 (Dkt. 70) and appear at a Meeting of Creditors on October 25, 2018. Dkt. 69.

PLAINTIFF'S TRIAL BRIEF - 4

Law Office of SaraEllen Hutchison, PLLC
539 Broadway | Tacoma, WA 98402
Ph (206) 529-5195 | Fax (253) 302-8486
saraellen@saraellenhutchison.com

Case 18-01169-CMA    Doc 54    Filed 04/26/21    Ent. 04/26/21 21:07:08    Pg. 4 of 18

Debtor's statement of financial affairs included $49,480.00 in previously undisclosed prepetition income. *See* Dkt. 49 at 2 and Dkt. 74 at 12. One of the sources of that previously-undisclosed income was attorney's fees awarded in the case of *Lemieux v. King*. *See* Dkt. 74 at 12. The United States Trustee audited Debtor's bankruptcy case and filed its report on October 23, 2018, listing material misrepresentations in Debtor's schedules. Dkt. 80.

Following the filing of the audit report, Debtor amended his schedules. *See* Dkt. 81-83. Fifteen minutes after listing $35,757 in the Wells Fargo checking account, he lists $1,357 in that account. Dkt. 18.

On November 2, 2018, the Court entered an Order to Show Cause for Failure to File Post-Conversion Schedules. Dkt. 88. The evening of November 2, 2018, Debtor filed a Declaration re: Post-Conversion Schedules stating that Schedules C, D, G, H and J were substantially unchanged. Dkt. 89-90.

On November 8, 2018, Debtor's fifth scheduled Meeting of Creditors was held, and when the Chapter 7 Trustee, Brandt's Counsel, and the United States Trustee all questioned the Debtor on his schedules and assets, Debtor stated that his taxes still had not been filed or were just being filed; the Trustee objected to the Debtor's claim of exemptions in personal property Dkt. 97. Debtor continued to be untruthful about the sources and amounts of his income; he claimed he expected "miscellaneous income from old law clients that are still having matters periodically come up." Dkt. 16, p. 153. He testified that he was paid by FSF only when Stacy Wikle, a member, was paid guardianship fees. *Id.*

On January 2, 2019, the Court entered an order allowing the trustee to retain a real estate agent to list Debtor's home for sale. Dkt. 132. The Debtor stated that he had friends that would loan him money. Dkt. 99 at 1. In January, after numerous telephone calls with Debtor, the realtor, Rik Jones, scheduled a time with Debtor to complete a market valuation on his home.

PLAINTIFF'S TRIAL BRIEF — 5

Law Office of SaraEllen Hutchison, PLLC
539 Broadway | Tacoma, WA 98402
Ph (206) 529-5195 | Fax (253) 302-8486
saraellen@saraellenhutchison.com

*See* Dkt. 142. Minutes before the appointment, Debtor cancelled. *Id*. With additional effort, Mr. Jones finally gained access to the property and determined that there was substantial equity in the property. *Id*. Based on the valuation, on February 6, 2019, the Chapter 7's Trustee offered to sell the property back to the Debtor for $131,400. Dkt. 143. The Trustee's attorney, Rory Livesey, did not receive any meaningful response after the offer, but persisted trying to get the deal done. *Id*. Attorney Livesey emailed Debtor's attorney five more time over the next four months regarding Debtor buying the property, but still nothing. *Id*. Around May 14, 2019, Debtor's attorney requested more time to make an offer, but by June 5, 2019 no offer had come, and the Trustee moved to direct Debtor to turn over property. *Id*. Only then did Debtor agree to do what the Code required and let the Mr. Jones do what was necessary to list the home. *See* Dkt. 141-48.

The Debtor expressed an interest to purchase the equity in the real property from the estate. Dkt. 99 at 1. On February 6, 2019, the Chapter 7 Trustee offered to sell the estate's interest in the property back to the Debtor for $131,400. Dkt. 143. Ultimately, the Trustee moved to direct Debtor to turn over property. *Id*. The home was listed on June 26, 2019.

On certain occasions, Debtor's roommate was present when agents showed the home to potential buyers. No one purchased the home until the Debtor himself was approved to do so. On February 27, 2020 the Court approved the Trustee's sale of the nonexempt equity in the property to the debtor for $112,425. Dkt. 177.

On January 30, 2020, Debtor stated in a declaration to this court that he was "not deliberately trying to hide income." He further stated that

> "I have been candid, forthright and fully disclosed to the Trustee and Court all my assets, their value, my debts and financial history. As an attorney and a debtor I understand and appreciate the obligation to be truthful and I have been to

PLAINTIFF'S TRIAL BRIEF  6

Law Office of SaraEllen Hutchison, PLLC
539 Broadway | Tacoma, WA 98402
Ph (206) 529-5195 | Fax (253) 302-8486
saraellen@saraellenhutchison.com

the best of my ability. I made some mistakes but did not deliberately intend to mislead or conceal."

Dkt. 18-1.

Plaintiff will prove at trial that this declaration and Debtor's other testimony was false and that Debtor intended to conceal assets and transactions from the Trustee and this Court, for the purpose of frustrating his creditors, chiefly Mr. Brandt, whose claim exceeds $288,000.

## III. ISSUES OF LAW

The following are issues of law to be determined by the trier of fact:

1. Whether the Debtor violated 11 U.S.C. §727(a)(4) by knowingly and fraudulently making a false oath that related to a material fact when he failed to disclose in his schedules and other filings information concerning his income and assets, and whether the Debtor knowingly and fraudulently made material misstatements of fact regarding his assets and money of hand or the value of income earned from FAI, FSF, Crossfire Asset Management and Washington State University cases in violation of 11 U.S.C. §727(a)(4).

2. Whether the Debtor violated 11 U.S.C. §727(a)(5) by failing to satisfactorily explain the approximately $30,000 decrease in the balance of his Wells Fargo checking account from the petition date to the date the case was converted to Chapter 7.

3. Whether the Debtor violated 11 U.S.C. §727(a)(2) by transferring, removing, destroying, mutilating or concealing property of the estate, with the intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title.

4. Whether the Debtor violated 11 U.S.C. §727(a)(3) by concealing, destroying,

PLAINTIFF'S TRIAL BRIEF 7

Law Office of SaraEllen Hutchison, PLLC
539 Broadway | Tacoma, WA 98402
Ph (206) 529-5195 | Fax (253) 302-8486
saraellen@saraellenhutchison.com

mutilating, falsifying, or failing to keep or preserve any recorded information, including books, documents, records and papers from which the debtor's financial condition or business transactions might be ascertained.

5. Whether the Debtor violated 11 U.S.C. §727(a)(6) by refusing to obey any lawful order of the Court by not appearing at his 341 hearing.

## IV. ARGUMENT

"There is no constitutional right to obtain a discharge of one's debts in bankruptcy." *United States v. Kras*, 409 U.S. 434, 446, 93 S. Ct. 631, 34 L. Ed. 2d 626 (1973). "Denial of a discharge under 11 U.S.C. § 727 is consistent with [this] well-established principle." *Hicks v. Decker (In re Hicks)*, No. NC-05-1110-MaSZ, 2006 Bankr. LEXIS 4897, at *22 (B.A.P. 9th Cir. Feb. 1, 2006). A bankruptcy discharge is meant "to relieve the honest debtor from the weight of oppressive indebtedness and permit him to start afresh from the obligations and responsibilities consequent upon business misfortune." *In re Adeeb*, 787 F.2d 1339, 1345 (9th Cir. 1986) (quoting others).

Regarding the burden of proof, under § 727, the objecting party must prove the elements of the cause of action by a preponderance of the evidence; no heightened standard is required. *Grogan v. Garner*, 498 U.S. 279 (1991). Although the burden of proof rests with the plaintiff, a debtor cannot prevail if he is unable to offer credible evidence after the plaintiff has established a *prima facie* case. *In re Cole*, 378 B.R. 215, 221 (Bankr. N.D. Ill.2007)

1. **Debtor knowingly and repeatedly made material false oaths to hide income and assets, which affected administration of his estate; therefore, under 11 U.S.C. § 727(a)(4)(A), he is not eligible for discharge.**

The Debtor has knowingly and fraudulently made multiple material misstatements regarding his income and assets in the course of his bankruptcy, which have detrimentally

PLAINTIFF'S TRIAL BRIEF    8    Law Office of SaraEllen Hutchison, PLLC
539 Broadway | Tacoma, WA 98402
Ph (206) 529-5195 | Fax (253) 302-8486
saraellen@saraellenhutchison.com

Case 18-01169-CMA    Doc 54    Filed 04/26/21    Ent. 04/26/21 21:07:08    Pg. 8 of 18

affected administration of the estate. He is, therefore, not eligible for discharge under section 727(a)(4)(A).

Section 727(a)(4)(A) states that a court shall grant a debtor a discharge unless "the debtor knowingly and fraudulently, in or in connection with the case -- made a false oath or account." 11 U.S.C. § 727(a)(4)(A). "The fundamental purpose of § 727(a)(4)(A) is to insure that the trustee and creditors have accurate information without having to conduct costly investigations." *Khalil v. Developers Sur. & Indem. Co. (In re Khalil)*, 379 B.R. 163, 172 (B.A.P. 9th Cir. 2007).

Denial of a discharge is appropriate under section 727(a)(4)(A) if the plaintiff shows by a preponderance of the evidence that "(1) the debtor made a false oath in connection with the case; (2) the oath related to a material fact; (3) the oath was made knowingly; and (4) the oath was made fraudulently." *In re Roberts*, 331 B.R. 876, 882 (9th Cir. BAP 2005). A single false oath involving a material false statement or omission in a debtor's schedules is all that is required for denial of discharge, if it detrimentally affects administration of the estate. *In re Kahle*, No. 11-61359-13, 2013 Bankr. LEXIS 515, at *28-29 n.13 (Bankr. D. Mont. Feb. 8, 2013) (citing *Fogal Legware of Switzerland, Inc. v. Wills (In re Wills)*, 243 B.R. 58, 62 (9th Cir. BAP 1999); *In re Wright*, 364 B.R. 51, 57 (Bankr. D. Mont. 2007)).

a. **Debtor made numerous false oaths in his schedules and at his meeting of creditors.**

A "false oath" can be a false statement or omission in the debtor's schedules. *Fogal*, 243 B.R. at 62. A false oath can also be a false statement under oath at a meeting of creditors. *See Cork v. Gun Bo, LLC (In re Cork)*, 566 B.R. 237, 253 (D. Ariz. 2017). Debtor made numerous false oaths in his schedules and at his multiple meeting of creditors.

Debtor filed a skeleton 13 on June 8, 2018. Dkt. 1. Debtor disclosed monthly income of $16,000.00 from a single employer, in his balance of schedules filed June 25, 2018. Dkt. 13 at 19, *see also* Dkt. 14. Debtor admitted at his initial 341 exam, upon examination by Mr. Brandt's counsel, that he omitted from his initial schedules two employers. Leonard Decl. Ex. J at 4:16-

Law Office of SaraEllen Hutchison, PLLC
539 Broadway | Tacoma, WA 98402
Ph (206) 529-5195 | Fax (253) 302-8486
saraellen@saraellenhutchison.com

24, 8:17-24. He admitted that one entity, Financial Assistance Incorporated (FAI), paid him around $1,500.00 a month and that he had an office at FAI's place of business. *Id*. Ex. J at 5. He explained that FAI paid him to sign between 10 to 25 complaints for FAI a month. *Id.* Debtor also admitted that he failed to disclose he received income from Fiduciary Services Foundation (FSF), an entity of which Debtor is a governing person. *Id.*, Ex. J at 9. Debtor did not voluntarily offer these corrections; he only admitted these employers existed when Plaintiff's counsel questioned him, regarding them, directly. *Id*.

Debtor failed to disclose income and assets that would have paid creditors nearly $150,000.00 over the life of a five-year Chapter 13 plan. August 7, 2018, the Chapter 13 Trustee filed an objection to plan confirmation, citing a lengthy list of additional issues. The issues included Debtor's: (1) delinquency on his plan payment; (2) failure to file tax returns for 2015-2017; (3) plan to pay creditors only $134,000.00, when his income was $481,482.00; (4) failure to disclose income from all sources; and (5) failure to provide an accurate list of all employers. Dkt. 33. The Chapter 13 Trustee concurrently filed a Motion to Convert Chapter 13 Case to Chapter 7 noting Debtor's significant equity in his home. Dkt. 34. On August 9, 2018, Debtor stipulated to an order denying confirmation that required him to fix the errors. Dkt. 38

Debtor filed an Amended Plan (Dkt. 43), Amended Statement of Income (Dkt. 46), Amended Calculation of Disposable Income (Dkt. 47), Amended Schedules A, B, C, I and an Amended State of Financial Affairs (Dkt. 49) on August 20, 2018. The amendments revised the value of his home upward by $64,000.00 and his income up $750.00 a month (less additional income than he disclosed at his initial meeting of creditors). The Chapter 13 Trustee filed a new Objection to Plan Confirmation on August 29, 2018 expressing serious concerns as to whether Debtor filed bankruptcy in good faith. Dkt. 52 at 2. The Chapter 13 Trustee noted numerous ways in which the Debtor violated the August 9, 2018 stipulated order: Debtor failed to provide

PLAINTIFF'S TRIAL BRIEF 10

Law Office of SaraEllen Hutchison, PLLC
539 Broadway | Tacoma, WA 98402
Ph (206) 529-5195 | Fax (253) 302-8486
saraellen@saraellenhutchison.com

Case 18-01169-CMA    Doc 54    Filed 04/26/21    Ent. 04/26/21 21:07:08    Pg. 10 of 18

copies of his most recent tax returns: Debtor failed to appear at his meeting of creditors; and Debtor failed to make his plan payment as ordered. *Id*.

On September 24, 2018, another meeting of creditors was attempted, but was not held. September 26, 2018, Debtor's bankruptcy was converted to Chapter 7. Dkt. 66. Debtor again amended his schedules October 11, 2018. Dkt. 74. Debtor's initial post-conversion schedules revealed $35,757.00 in previously undisclosed money contained in Debtor's Wells Fargo checking account. Dkt. 74 at 3. It also listed, for the first time, $52,940 in other income Debtor received, that was not previously disclosed. *Id*. at 12. Those sources of income included $10,500.00 from "Fiduciary Services Foundation, Crossfire Mgt," $3,000 from Merchants Credit, and an attorney fee award of $33,480 in the case of *Lemieux v. King*. On October 23, 2018, the Report of Debtor Audit from the United States Trustee was filed. Dkt. 80. The audit found that Debtor made material misrepresentations in his schedules, including $2,351.86 in unreported monthly income. *Id*. Over the life of a Chapter 13 plan the unreported income discovered by the audit would have totaled $141,111.60 in disposable income that could have been paid to creditors.

Debtor failed to disclose additional employers/sources of income. In his October 23, 2018 schedules, Debtor listed Merchants Credit, Evergreen Financial and FAI as his employers. *Id*. at 7, 9. During his fifth meeting of creditors on November 4, Debtor falsely stated that he had three employers. Leonard Decl. Ex. M at 5. Plaintiff's counsel discovered that Debtor represents and works for Crossfire Asset Management, and as Special Associate Attorney General for Washington State University (WSU). *See* Leonard Decl., ¶¶ 12, 15, Exs. K, N. Debtor had a claim for $2,500.00 in attorney's fees in just one of the Crossfire matters. *See* Leonard Decl., Ex. N. Debtor's representation of WSU is statewide. Leonard Decl., ¶12, Ex. K. Notably, WSU

PLAINTIFF'S TRIAL BRIEF 11

Law Office of SaraEllen Hutchison, PLLC
539 Broadway | Tacoma, WA 98402
Ph (206) 529-5195 | Fax (253) 302-8486
saraellen@saraellenhutchison.com

seeks an award of attorney's fees in these matters. Leonard Decl., Ex. K at 1-4. This information was not disclosed in his schedules or at his meetings of creditors.

**b. Debtor's false oaths were material.**

"A false statement is material if it bears a relationship to the debtor's business transactions or estate, or concerns the discovery of assets, business dealings, or the existence and disposition of the debtor's property." *Roberts v. Erhard (In re Roberts)*, 331 B.R. 876, 883 (B.A.P. 9th Cir. 2005). "A false statement or omission may be material even in the absence of direct financial prejudice to creditors." *Id.*

It is indisputable that Debtor's failures to disclose this income and assets are material. The UST's audit specifically found that Debtor made "material misstatements" in his schedules. Dkt. 80. The false statements concern income, assets and business dealings. The false oath impacted administration of the estate. Had the Chapter 13 Trustee, the Court and creditors known about Debtor's additional income and assets that could have affected the decision to allowing the debtor to convert to a Chapter 7.

**c. No reasonable trier of fact could find that Debtor's false oaths were not made knowingly.**

"A debtor acts knowingly if he or she acts deliberately and consciously." *In re Retz*, 606 F.3d at 1198. No reasonable person could find that Debtor's failure to disclose his FAI, FSF, Crossfire or WSU income was a mistake. When caught at his first 341 hearing for having failed to disclose his FAI income, Debtor admitted that he signed 10 to 25 complaints a month for FAI and had an office at FAI. Leonard Decl., Ex. J at 5:16-20. On June 1, 2018, one week before Debtor filed for bankruptcy, Debtor signed a motion for default in a FAI case, which was filed on June 5, 2018. Leonard Decl., Ex. O at 12. Just two days before he filed for bankruptcy, he filed a FAI complaint. *Id.*, Ex. O at 14. That same day, he filed an Application for Writ of Garnishment in an FAI matter. *Id.*, Ex. O at 6. Just seven days before he filed his balance of

PLAINTIFF'S TRIAL BRIEF 12

Law Office of SaraEllen Hutchison, PLLC
539 Broadway | Tacoma, WA 98402
Ph (206) 529-5195 | Fax (253) 302-8486
saraellen@saraellenhutchison.com

Case 18-01169-CMA    Doc 54    Filed 04/26/21    Ent. 04/26/21 21:07:08    Pg. 12 of 18

schedules, he filed a FAI complaint. *Id.*, Ex. O at 18. Just six days before he filed his balance of schedules, he filed a FAI motion for default. *Id.*, Ex. O at 20. Debtor filed a complaint in a WSU matter just two days before he filed bankruptcy. *Id.*, Ex. K at 1. Debtor filed a complaint in a WSU matter the same day his first meeting of creditors was held. *Id.* Ex. K at 3. Debtor failed to disclose at his meeting of creditors and in every schedule he filed in this bankruptcy that he represents WSU. Between when he filed for bankruptcy and his first meeting of creditors on July 23, 2018, Debtor filed numerous pleadings in FAI matters, yet he did not amend his schedules to disclose FAI as an employer. *See e.g. id.*, Ex. P. Between June 6, 2018, when he filed for bankruptcy and today, he has similarly filed tens if not hundreds of pleadings in WSU cases. *See id.*, ¶ 12, Ex. K at 7-8, 24-25.

Debtor testified during the collection abuse matter trial that he reviews all of the pleadings he signs and that he is "familiar with [his] cases*." Id.*, Ex. H at 195:1-14. No reasonable trier of fact could conclude that Mr. Woehler reviewed all the FAI and WSU pleadings, but forgot he represented these individuals when he filed out his bankruptcy schedule, testified at his 341s and filed out his amended bankruptcy schedules. Debtor knowingly failed to include his FAI income in his initial schedules and his WSU income in any of his schedules and failed to disclose that income at his meeting of creditors. As to FSF, he is a governing person of FSF. It is his company.

**2. Debtor should be denied a discharge under §727(a)(2) because he concealed the truth about his finances at every turn, and he destroyed and mutilated his home to dissuade buyers and interfere with administration of the bankruptcy estate.**

"A debtor's fraudulent intent is usually proved through circumstantial evidence or inferences drawn from the debtor's conduct." *United States Tr. v. Ellis (In re Ellis)*, 591 B.R. 32, 50 (Bankr. W.D. Wash. 2018). "Denial of discharge, however, need not rest on a finding of intent to defraud. Intent to hinder or delay is sufficient." *Id*. at 47 (quoting *Bernard v. Sheaffer (In re Bernard)*, 96 F.3d 1279, 1281 (9th Cir. 1996)). "A concealment can also justify denial of

PLAINTIFF'S TRIAL BRIEF — 13

Law Office of SaraEllen Hutchison, PLLC
539 Broadway | Tacoma, WA 98402
Ph (206) 529-5195 | Fax (253) 302-8486
saraellen@saraellenhutchison.com

discharge under § 727(a)(2)." *Id.* "Concealment includes 'preventing discovery, fraudulently transferring, or withholding knowledge or information required by law to be made known.'" *Id.* (quoting *United States v. Turner*, 725 F.2d 1154, 1157 (8th Cir. 1984). Furthermore, plaintiff does not have to prove a debtor's action or inaction injured creditors or the estate, because whether there is any injury to creditors is irrelevant and not part of the analysis when determining whether to deny a discharge. *In re Retz*, 606 F.3d 1189, 1200 (9th Cir. 2010); *First Beverly Bank v. Adeeb (In re Adeeb)*, 787 F.2d 1339, 1343 (9th Cir. 1986).

The overwhelming undisputable evidence paints a clear picture showing the Debtor knowingly "withheld knowledge or information required by law to be made known." Debtor claims to know his cases and his clients, yet major sources of income were omitted from his schedules. The UST's audit discovered tens of thousands in undisclosed assets. Debtor only amends his schedules when he is caught concealing information. Notably, Debtor's schedules were amended to include his FAI income when he was caught failing to disclose it, but the Debtor's schedules do not disclose his WSU income, which he did not know had been discovered.

Debtor's conduct while acting as a collection attorney is additional circumstantial evidence of his willingness to misrepresent facts to Courts. Debtor is on record saying that he believes the word "true" to be a "term of art." Leonard Decl., Dkt. 53 Ex. H at 181-82. Debtor was found to have knowingly notarized statements he knew to be untrue and filed them in courts to expedite collection of individuals.

Even though Debtor has amended his schedules each time he was caught failing to disclose assets and income, his unsuccessful concealment is sufficient to deny discharge. *See Bernard*, 96 F.3d at 1281-82 ("a debtor need not succeed in harming creditors to warrant denial of discharge because "lack of injury to creditors is irrelevant for purposes of denying a discharge

PLAINTIFF'S TRIAL BRIEF 14

Law Office of SaraEllen Hutchison, PLLC
539 Broadway | Tacoma, WA 98402
Ph (206) 529-5195 | Fax (253) 302-8486
saraellen@saraellenhutchison.com

in bankruptcy.") Debtor's continuing of practice of concealing his assets warrants a denial of discharge under § 727(a)(2)(A).

**Regarding the house**: Debtor delayed the process of listing his house for sale. The Trustee had to file a motion to ultimately get Rik Jones access Debtor's home to make a market valuation. Dkt. Nos. 141-148. In the Trustee's Reply the trustee explains "Given the delays caused by the debtor, entering an order requiring the debtor to turn the Property over to the trustee is appropriate." Dkt. 148 at 1. The trustee's attorney also notes that Debtor behavior in forcing the motion for turnover of Debtor's home is "emblematic of how the debtor has approached the bankruptcy." *Id*.

Following that, he deliberately made his house look unattractive to potential buyers, made the property difficult to show, and consequently, his property was not sold to help satisfy his creditors. Debtor has not explained the disarray in his house or otherwise responded to Plaintiff's assertion that he was interfering with the sale of the home in bad faith. (Dkt. 18-1, p. 5, ¶12; Ex. A, Declaration of Rik Jones, describing disarray and other issues he observed.) He ultimately purchased the equity in his home with the help of a third party.

**3. Debtor should be denied a discharge under §727(a)(5) because he never fully explained where the $30,000 in his Wells Fargo checking account went.**

"Section 727(a)(5) is broadly drawn and gives the bankruptcy court power to decline to grant a discharge when the debtor does not adequately explain a shortage, loss, or disappearance of assets." *In re Chatha,* 2019 Bkr. LEXIS 921 at *16-17, *citing Seror v. Lopez (In re Lopez)*, 532 B.R. 140, 150 (Bankr. C.D. Cal. 2015).

"Under § 727(a)(5) an objecting party bears the initial burden of proof and must demonstrate: (1) debtor at one time, not too remote from the bankruptcy petition date, owned identifiable assets; (2) on the date the bankruptcy petition was filed or order of relief granted, the debtor no longer owned the assets; and (3) the bankruptcy pleadings or statement of affairs

PLAINTIFF'S TRIAL BRIEF 15

Law Office of SaraEllen Hutchison, PLLC
539 Broadway | Tacoma, WA 98402
Ph (206) 529-5195 | Fax (253) 302-8486
saraellen@saraellenhutchison.com

Case 18-01169-CMA    Doc 54    Filed 04/26/21    Ent. 04/26/21 21:07:08    Pg. 15 of 18

do not reflect an adequate explanation for the disposition of the assets." *In re Retz,* 606 F.3d 1189, 1205 (9th Cir. 2010) *citing Olympic Coast Invest., Inc. v. Wright (In re Wright),* 364 B.R. 51, 79 (Bankr.D.Mont. 2007). Once the creditor has made a prima facie case, the debtor must offer credible evidence regarding the disposition of the missing assets. *Retz, citing In re Devers,* 759 F.2d 751, 754 (9th Cir. 1985).

Debtor never fully explained where the $30,000 in his Wells Fargo checking account went, and testified to different explanations for the large material discrepancy almost every time he testified. Plaintiffs will prove at trial that this was never fully explained.

**4. Debtor should be denied a discharge under §727(a)(3) because he hid and failed to preserve financial records with the intent to defraud this Court.**

Debtor violated 11 U.S.C. §727(a)(3) by concealing, destroying, mutilating, falsifying, or failing to keep or preserve any recorded information, including books, documents, records and papers from which the debtor's financial condition or business transactions might be ascertained.

"In order to state a prima facie case under section 727(a)(3), a creditor objecting to discharge must show (1) that the debtor failed to maintain and preserve adequate records, and (2) that such failure makes it impossible to ascertain the debtor's financial condition and material business transactions." *In re Cox,* 41 F.3d 1294, 1296 (citing *Meridian Bank v. Alten,* 958 F.2d 1226, 1232 (3d Cir.1992). "Once the objecting party shows that the debtor's records are absent or are inadequate, the burden of proof then shifts to the debtor to justify the inadequacy or nonexistence of the records." *Id.*

Debtor did not retain records pertaining to the value of items such as artwork. Every step he took since the filing of the main case in June 2018 was an effort to conceal the full value of his assets and sources of those assets, his financial condition and material business transactions. He frequently did not remember exactly where his money went, and his loose explanations for

PLAINTIFF'S TRIAL BRIEF — 16

Law Office of SaraEllen Hutchison, PLLC
539 Broadway | Tacoma, WA 98402
Ph (206) 529-5195 | Fax (253) 302-8486
saraellen@saraellenhutchison.com

where it went kept changing throughout the course of the bankruptcy. Debtor, at the time of these transactions and testimony was a licensed attorney, he will be unable to provide justification for the lack of sufficient records.

**5. Debtor should also be denied a discharge under §727(a)(6) because he disobeyed the Court's Orders.**

Denial of discharge under §727(a)(6) "requires a showing that the debtor (a) was aware of the order; and (b) willfully or intentionally refused to obey the order (i.e., something more than a mere failure to obey the order through inadvertency, mistake or inability to comply)." *In re Anderson,* 526 B.R. 821, 826 (Bankr. Ct. Dist. Idaho 2015) *citing Smith v. Jordan (In re Jordan),* 521 F.3d 430, 434 (4th Cir. 2008).

Plaintiff will establish at trial that Debtor's failure to obey Court orders was willful. In addition to withholding income and asset information and making false representations, Debtor violated Court orders. On August 9, 2018, Debtor stipulated to an order denying plan confirmation that was without prejudice to the motion to convert to Chapter 7. Dkt. 38. The order required the Debtor to cure the issues noted in the Chapter 13 Trustee's and Mr. Brandt's objections to plan confirmation by August 20, 2018 and appear at the continued Meeting of Creditors scheduled for August 27, 2018. Dkt. 42. Debtor disobeyed that order and failed to cure the issues in his schedule and failed to appear at his August 27, 2018 Meeting of Creditors. *See* Dkt. 52 at 1-3. No good faith debtor can continually and repeatedly inadvertently comply, make mistakes, or find himself unable to comply. When Debtor did comply, it was typically at the last minute.

## V. CONCLUSION

For the reasons detailed herein, Mr. Brandt requests the Court find that Debtor is not eligible for discharge.

PLAINTIFF'S TRIAL BRIEF — 17

Law Office of SaraEllen Hutchison, PLLC
539 Broadway | Tacoma, WA 98402
Ph (206) 529-5195 | Fax (253) 302-8486
saraellen@saraellenhutchison.com

Case 18-01169-CMA    Doc 54    Filed 04/26/21    Ent. 04/26/21 21:07:08    Pg. 17 of 18

S//Sam Leonard
SAMUEL LEONARD (WSBA #46498)
Leonard Law
3614 California Ave SW, #151
Seattle, WA 98116
Ph. 206.486.1176
Fx. 206.458.6028
Email: sam@seattledebtdefense.com

S//SaraEllen Hutchison
SARAELLEN HUTCHISON (WSBA #36137)
Law Office of SaraEllen Hutchison, PLLC
539 Broadway
Tacoma, WA 98402
Telephone: (206) 529-5195
Facsimile: (253) 302-8486
Email: saraellen@saraellenhutchison.com

*Counsel for Plaintiff/Creditor Brandt*

# CERTIFICATE OF SERVICE

The undersigned hereby certifies under penalty of perjury under the laws of the State of Washington that on the 26th day of April, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will automatically serve and send email notification of such filing to all registered attorneys of record, including Debtor's attorney James Dickmeyer.

Dated this 26th day of April, 2021 at Seattle, Washington.

S//Samuel Leonard
SAMUEL LEONARD (WSBA #46498)

Counsel for Plaintiff/Creditor Russell Brandt

PLAINTIFF'S TRIAL BRIEF     18

Law Office of SaraEllen Hutchison, PLLC
539 Broadway | Tacoma, WA 98402
Ph (206) 529-5195 | Fax (253) 302-8486
saraellen@saraellenhutchison.com