**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF WASHINGTON AT SEATTLE**

IN RE

JASON L. WOEHLER,

               DEBTOR.

RUSSELL BRANDT,

               Plaintiff

    v.

JASON L. WOEHLER,

               Defendant.

Bankruptcy No. 18-12299-CMA

Adversary No. 18-01169-CMA

**FINDINGS OF FACT AND CONCLUSIONS OF LAW [PROPOSED]**

This matter having come on regularly for trial on the 11th day of May, 2021, before the below signed Judge, Christopher M. Alston; this Court being familiar with the pleadings and materials of record and having presided over trial in which the Court, through Plaintiff's counsel,

FINDINGS OF FACT AND CONCLUSIONS
OF LAW [PROPOSED] 18-01169-CMA

1

Law Office of SaraEllen Hutchison, PLLC
539 Broadway | Tacoma, WA 98402
Ph (206) 529-5195 | Fax (253) 302-8486
saraellen@saraellenhutchison.com

took testimony from Defendant, and identified and moved for admission of exhibits which were admitted; and having heard argument, now finds good cause to make the following:

## I. <u>FINDINGS OF FACT</u>

1. Mr. Brandt's claim is the judgment Mr. Brandt has against Debtor in *Brandt v. Columbia Credit Servs.*, Case No. 2:17-cv-703-RSM (hereinafter "District Court Action").

2. On April 12, 2018, the District Court found that Debtor violated 15 U.S.C. § 1692(e) of the FDCPA and the CPA. *Brandt*, LEXIS 62297, at 10.

3. A jury trial was scheduled for June 11, 2018 to decide damages and injunctive relief against Debtor in the District Court Action.

4. On June 8, 2018, the Friday afternoon before the Monday trial was set to begin, Debtor filed this bankruptcy, which originated as a Chapter 13. (18-2299 Dkt. 1.)

5. This Court granted relief from stay so that the District Court Action could proceed to trial and fix Brandt's damages claim. Dkt. 21.

6. Debtor filed his balance of schedules, statement of income, calculation of disposable income, and Chapter 13 Plan on June 25, 2018. Dkt. 13-16.

7. In his schedules, Debtor knowingly failed to disclose a Bank of America account later found by the Trustee. Dkt. 13-16, p. 29.

8. During Mr. Brandt's examination of Debtor at the July 23, 2018 341 hearing, Brandt's counsel questioned Debtor on contract work for two entities not listed in his filings, Financial Assistance Incorporated (FAI), and Fiduciary Services Foundation (FSF). Dkt. 16.

9. Debtor testified untruthfully that he received about $1500 per month from FAI and only "sporadically" from FSF on guardianship cases. Dkt. 16.

FINDINGS OF FACT AND CONCLUSIONS OF LAW [PROPOSED] 18-01169-CMA

2

Law Office of SaraEllen Hutchison, PLLC
539 Broadway | Tacoma, WA 98402
Ph (206) 529-5195 | Fax (253) 302-8486
saraellen@saraellenhutchison.com

10. Debtor continued to be knowingly untruthful about his finances and his compensation from FAI and FSF at the November 8, 2018 341 hearing, when Debtor testified that he earns about $5,000 - $10,000 from FSF per year and about $30,000 per year from "various" old law clients. Dkt. 16.

11. During the July 23, 2018, 341 hearing, the Chapter 13 Trustee did not conduct its examination because Debtor had not provided the Chapter 13 Trustee with his most recently filed tax return, bank statements, and all proof of income for the past 60 days. Dkt. 33 at 1, which Debtor did to delay and hinder the process.

12. The original Meeting of Creditors was rescheduled to August 27, 2018.

13. The United States Trustee appeared in Debtor's bankruptcy, selecting it for audit. Dkt. 22-23.

14. On August 7, 2018 the Chapter 13 Trustee filed an Objection to Confirmation. Dkt. 33.

15. On August 9, 2018, Debtor stipulated to an order denying confirmation (Dkt. 38) that was without prejudice to the Chapter 13 Trustee's motion to convert to Chapter 7. (Order entered at Dkt. 42.

16. On August 20, 2018, the Debtor filed an amended Chapter 13 Plan (Dkt. 43) and moved to confirm the amended plan.

17. Debtor did not appear at the August 27, 2018 Meeting of Creditors *See* Dkt. 52 at 1. Debtor's counsel appeared at the August 27, 2018 hearing and requested a continuance. Debtor did not make his full plan payment to bring his plan current. *Id*.

18. Debtor's Amended Plan (Dkt. 43), Amended Statement of Income (Dkt. 46), Amended Calculation of Disposable Income (Dkt. 47), Amended Schedules A,B,C,I, and an

FINDINGS OF FACT AND CONCLUSIONS
OF LAW [PROPOSED] 18-01169-CMA

3

Law Office of SaraEllen Hutchison, PLLC
539 Broadway | Tacoma, WA 98402
Ph (206) 529-5195 | Fax (253) 302-8486
saraellen@saraellenhutchison.com

Amended Statement of Financial Affairs (Dkt. 49) revised the value of his home upward by $64,000.00 and his income up $750.00 a month.

19. The Chapter 13 Trustee filed an Objection to Plan Confirmation on August 29, 2018. Dkt. 52.

20. On September 17, 2018, a jury trial was held to determine actual damages. *Brandt v. Columbia Credit Servs.*, No. C17-703RSM, 2018 U.S. Dist. LEXIS 164445, at *1 (W.D. Wash. Sep. 25, 2018) (Order RE: Statutory Damages and Injunctive Relief, attached to Leonard Decl. as Ex. C).

21. The next day, the Court held a bench trial and heard argument as to statutory damages under the FDCPA and CPA. *Id.* On September 25, 2018, Chief Judge Martinez granted full statutory damages and trebled Mr. Brandt's CPA damages up to the maximum $25,000. *Brandt*, LEXIS 164445, at *2.

22. The jury returned a verdict in favor of Mr. Brandt in the amount of $10,050 for his injury to business or property, caused by Debtor's violation of the CPA; $1,702 for his noneconomic damages cause by Debtor's violation of the FDCPA; and $150,000 in noneconomic damages under the FDCPA.

23. In addition to the jury's award and award of full statutory and treble damages, the District Court also awarded attorneys' fees and costs totaling $111,265. *Brandt v. Columbia Credit Servs.*, No. C17-703RSM, 2018 U.S. Dist. LEXIS 176894, at *9 (W.D. Wash. Oct. 15, 2018) (Order Granting In Part Plaintiffs' Motion for Attorneys' Fees and Costs).

24. The total awarded in the District Court Action, including fees, was $288,967.

25. On September 24, 2018, Debtor appeared at his Continued Meeting of Creditors, but was

FINDINGS OF FACT AND CONCLUSIONS
OF LAW [PROPOSED] 18-01169-CMA

4

Law Office of SaraEllen Hutchison, PLLC
539 Broadway | Tacoma, WA 98402
Ph (206) 529-5195 | Fax (253) 302-8486
saraellen@saraellenhutchison.com

Case 18-01169-CMA    Doc 54-1    Filed 04/26/21    Ent. 04/26/21 21:07:08    Pg. 4 of 10

not examined because he had not provided the required documentation.

26. On September 25, 2018, Debtor and the Chapter 13 filed a stipulation to convert Debtor's case to a Chapter 7. Dkt. 64.

27. The case was converted, Debtor was ordered to file post conversion schedules by October 11, 2018 (Dkt. 70) and appear at a Meeting of Creditors on October 25, 2018. Dkt. 69.

28. Debtor's statement of financial affairs included $49,480.00 in previously undisclosed prepetition income. *See* Dkt. 49 at 2 and Dkt. 74 at 12.

29. One of the sources of that previously-undisclosed income was attorney's fees awarded in the case of *Lemieux v. King*. *See* Dkt. 74 at 12.

30. The United States Trustee audited Debtor's bankruptcy case and filed its report on October 23, 2018, listing material misrepresentations in Debtor's schedules. Dkt. 80.

31. Following the filing of the audit report, Debtor amended his schedules. *See* Dkt. 81-83.

32. Fifteen minutes after listing $35,757 in the Wells Fargo checking account, he lists $1,357 in that account. Dkt. 18.

33. On November 2, 2018, the Court entered an Order to Show Cause for Failure to File Post-Conversion Schedules. Dkt. 88.

34. The evening of November 2, 2018, Debtor filed a Declaration re: Post-Conversion Schedules stating that Schedules C, D, G, H and J were substantially unchanged. Dkt. 89-90.

35. On November 8, 2018, Debtor's fifth scheduled Meeting of Creditors was held, and when the Chapter 7 Trustee, Brandt's Counsel, and the United States Trustee all questioned the Debtor on his schedules and assets, Debtor stated that his taxes still had not been filed or

FINDINGS OF FACT AND CONCLUSIONS
OF LAW [PROPOSED] 18-01169-CMA

5

Law Office of SaraEllen Hutchison, PLLC
539 Broadway | Tacoma, WA 98402
Ph (206) 529-5195 | Fax (253) 302-8486
saraellen@saraellenhutchison.com

were just being filed; the Trustee objected to the Debtor's claim of exemptions in personal property Dkt. 97.

36. Debtor continued to be untruthful about the sources and amounts of his income; he claimed he expected "miscellaneous income from old law clients that are still having matters periodically come up." Dkt. 16, p. 153. He testified that he was paid by FSF only when Stacy Wikle, a member, was paid guardianship fees. *Id.*

37. On January 2, 2019, the Court entered an order allowing the trustee to retain a real estate agent to list Debtor's home for sale. Dkt. 132.

38. The Debtor stated that he had friends that would loan him money. Dkt. 99 at 1.

39. In January 2020, after numerous telephone calls with Debtor, the realtor, Rik Jones, scheduled a time with Debtor to complete a market valuation on his home. *See* Dkt. 142.

40. Minutes before the appointment, Debtor cancelled. *Id.*

41. With additional effort, Mr. Jones finally gained access to the property and determined that there was substantial equity in the property. *Id.*

42. Based on the valuation, on February 6, 2019, the Chapter 7's Trustee offered to sell the property back to the Debtor for $131,400. Dkt. 143.

43. The Trustee's attorney, Rory Livesey, did not receive any meaningful response after the offer, but persisted trying to get the deal done. *Id.*

44. Attorney Livesey emailed Debtor's attorney five more time over the next four months regarding Debtor buying the property, but still nothing. *Id.*

45. Around May 14, 2019, Debtor's attorney requested more time to make an offer, but by June 5, 2019 no offer had come, and the Trustee moved to direct Debtor to turn over

FINDINGS OF FACT AND CONCLUSIONS  6
OF LAW [PROPOSED] 18-01169-CMA

Law Office of SaraEllen Hutchison, PLLC
539 Broadway | Tacoma, WA 98402
Ph (206) 529-5195 | Fax (253) 302-8486
saraellen@saraellenhutchison.com

property. *Id*.

46. Only then did Debtor agree to do what the Code required and let the Mr. Jones do what was necessary to list the home. *See* Dkt. 141-48.

47. The Debtor expressed an interest to purchase the equity in the real property from the estate. Dkt. 99 at 1.

48. On February 6, 2019, the Chapter 7 Trustee offered to sell the estate's interest in the property back to the Debtor for $131,400. Dkt. 143.

49. Ultimately, the Trustee moved to direct Debtor to turn over property. *Id*. The home was listed on June 26, 2019.

50. On certain occasions, Debtor's roommate was present when agents showed the home to potential buyers.

51. No one purchased the home until the Debtor himself was approved to do so. On February 27, 2020 the Court approved the Trustee's sale of the nonexempt equity in the property to the debtor for $112,425. Dkt. 177.

52. On January 30, 2020, Debtor stated in a declaration to this court that he was "not deliberately trying to hide income." He further stated that

> "I have been candid, forthright and fully disclosed to the Trustee and Court all my assets, their value, my debts and financial history. As an attorney and a debtor I understand and appreciate the obligation to be truthful and I have been to the best of my ability. I made some mistakes but did not deliberately intend to mislead or conceal."

Dkt. 18-1.

///

///

FINDINGS OF FACT AND CONCLUSIONS    7
OF LAW [PROPOSED] 18-01169-CMA

Law Office of SaraEllen Hutchison, PLLC
539 Broadway | Tacoma, WA 98402
Ph (206) 529-5195 | Fax (253) 302-8486
saraellen@saraellenhutchison.com

## II.  CONCLUSIONS OF LAW

1. Plaintiff has proven by a preponderance of evidence that Debtor violated 11 U.S.C. §727(a)(4) by knowingly and fraudulently making a false oath that related to a material fact when he failed to disclose in his schedules and other filings information concerning his income and assets.

2. Plaintiff has proven by a preponderance of evidence that Debtor knowingly and fraudulently made material misstatements of fact regarding his assets and money of hand or the value of income earned from FAI, Crossfire Asset Management and Washington State University cases in violation of 11 U.S.C. §727(a)(4).

3. Plaintiff has proven by a preponderance of evidence that Debtor violated 11 U.S.C. §727(a)(5) by failing to satisfactorily explain the approximately $30,000 decrease in the balance of his Wells Fargo checking account from the petition date to the date the case was converted to Chapter 7.

4. Plaintiff has proven by a preponderance of evidence that Debtor violated 11 U.S.C. §727(a)(2) by transferring, removing, destroying, mutilating or concealing property of the estate, including the funds in his Wells Fargo checking account, the undisclosed Bank of America account and his primary residence, with the intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title.

5. Plaintiff has proven by a preponderance of evidence that Debtor violated 11 U.S.C. §727(a)(3) by concealing, destroying, mutilating, falsifying, or failing to keep or preserve any recorded information, including books, documents, records and papers

FINDINGS OF FACT AND CONCLUSIONS          8
OF LAW [PROPOSED] 18-01169-CMA

Law Office of SaraEllen Hutchison, PLLC
539 Broadway | Tacoma, WA 98402
Ph (206) 529-5195 | Fax (253) 302-8486
saraellen@saraellenhutchison.com

from which the debtor's financial condition or business transactions might be ascertained, including the funds in his Wells Fargo checking account, the undisclosed Bank of America account, the value of certain personal property (artwork), and sources and amounts of his income and overall financial condition.

6. Plaintiff has proven by a preponderance of evidence that Debtor violated 11 U.S.C. §727(a)(6) by refusing to obey any lawful order of the Court by not appearing at his 341 hearing and not providing tax returns, bank statements and other documents when ordered.

7. Debtor has offered no credible or sufficient evidence to the contrary.

8. Given the above, this Court finds good cause to find Debtor ineligible for discharge.

9. Plaintiff is entitled to his attorney's fees and costs, and may file a separate motion for the same.

Done in open court this _____ day of May, 2021.

_____
THE HON. CHRISTOPHER M. ALSTON
UNITED STATES BANKRUPTCY JUDGE

FINDINGS OF FACT AND CONCLUSIONS
OF LAW [PROPOSED] 18-01169-CMA

9

Law Office of SaraEllen Hutchison, PLLC
539 Broadway | Tacoma, WA 98402
Ph (206) 529-5195 | Fax (253) 302-8486
saraellen@saraellenhutchison.com

Presented by:


S//Sam Leonard
SAMUEL LEONARD (WSBA #46498)
Leonard Law
3614 California Ave SW, #151
Seattle, WA 98116
Ph. 206.486.1176
Fx. 206.458.6028
Email: sam@seattledebtdefense.com

S//SaraEllen Hutchison
SARAELLEN HUTCHISON (WSBA #36137)
Law Office of SaraEllen Hutchison, PLLC
539 Broadway
Tacoma, WA 98402
Telephone: (206) 529-5195
Facsimile: (253) 302-8486
Email: saraellen@saraellenhutchison.com


*Counsel for Plaintiff/Creditor Brandt*

FINDINGS OF FACT AND CONCLUSIONS          10
OF LAW [PROPOSED] 18-01169-CMA

Law Office of SaraEllen Hutchison, PLLC
539 Broadway | Tacoma, WA 98402
Ph (206) 529-5195 | Fax (253) 302-8486
saraellen@saraellenhutchison.com